## MAISON BLANCHE CO. v. MEFSUT.*
### No. 16859.

Court of Appeal of Louisiana. Orleans.
May 30, 1938.

See, also, La.App., 177 So. 824.

Maurice B. Gatlin, of New Orleans, for appellant.

*Rehearing denied June 13, 1938.

Baldwin J. Allen, of New Orleans, for appellee.

JANVIER, Judge.

Defendant appeals from a refusal of the trial court to grant a new trial, requested on the ground that counsel for defendant did not know that the case had been set for trial.

The record shows that the case had been set for trial on three prior occasions and that on each it had been continued. It was fixed for trial on October 13, 1937, at which time Mr. Maurice B. Gatlin, counsel for defendant, found it impossible to be present. He requested Mr. A. D. O'Neal, another attorney not associated with him in the case, but who occupied an adjoining office, to go to court and to arrange to continue the case. Mr. O'Neal did so and, in the presence of defendant himself, agreed with the attorney for plaintiff to reset the case for trial on October 22, 1937. Mr. O'Neal made a memorandum of the date for which the case had been set for trial, but states that he forgot to advise Mr. Gatlin of this date. Consequently, when the matter came up for trial Mr. Gatlin was not present and, plaintiff having submitted evidence, judgment was rendered as prayed for.

The suit is on a promissory note. The defense is want of consideration.

 Counsel for defendant states that Mr. O'Neal, though authorized to obtain a continuance, had no authority to agree upon a new date for trial. But counsel for plaintiff had no means of knowing what was the limit of Mr. O'Neal's authority and defendant himself is shown to have been present in court when the day selected for the trial was agreed to.

We see no merit whatever in this appeal. An appellate court should not, except where obvious miscarriage of justice will result, interfere with the discretion of a trial court in the matter of granting or refusing a new trial. See Daily States Publishing Company v. White, 9 La.App. 70, 118 So. 839.

The judgment appealed from is affirmed.

Affirmed.