380 So.2d 119 (1979)
Clementine APPLEWHITE, Plaintiff-Appellee,
v.
CITY OF BATON ROUGE et al., Defendants-Appellants.
No. 12965.
Court of Appeal of Louisiana, First Circuit.
December 27, 1979.
Robert C. Williams, Robert Judge Eames, Baton Rouge, for plaintiff-appellee Clementine Applewhite.
Walter G. Monsour, Jr., Parish Atty., Charles E. Pilcher, Charles N. Malone, Asst. Parish Attys., Baton Rouge, for defendant-appellant City of Baton Rouge.
Ben E. Atkins, John B. Noland, Baton Rouge, for defendants-appellants Frank Still and Milton D. Crowe.
Emile C. Rolfs, III, Baton Rouge, for defendant-appellee American Home Assurance Co.
Before EDWARDS, LEAR and SARTAIN, JJ.
*120 SARTAIN, Judge.
This is an appeal in a suit for damages resulting from an alleged sexual assault upon the plaintiff-appellee by two persons.
The basic allegations are that on April 26, 1971, Clementine Applewhite, a black female, then 19 years old, was forced to engage in sexual acts against her will by Milton D. Crowe, then a Baton Rouge City Police officer, and Frank J. Still, Jr., a corrections officer employed by the State of Louisiana.
On that evening, at approximately 10:00 P.M., she and two adult female companions were walking on Scenic Highway in Baton Rouge, Louisiana, when they were approached by Crowe, who was in uniform, on duty, and traveling in a police K-9 unit. Still was an authorized passenger in that vehicle and was wearing a khaki uniform.
The women were told by Crowe that they would be arrested for vagrancy if they were not off the street shortly. They explained that they were walking to a friend's house several blocks away and they attempted to comply with his order by hurriedly proceeding toward their destination.
They traveled for a few blocks more when they were again stopped by Crowe and Still and, this time, were told that Crowe would flip a coin to see which one of the three would go to jail. This was done, the plaintiff lost, and her two companions, her sister, Clovotine Applewhite, and Carolyn Phagans, were allowed to depart.
She was then ordered to get into the K-9 unit to be taken to jail and was told to keep her head down as they traveled. Crowe then drove to the Memorial Stadium area where she was forced to engage in oral copulation with him and in sexual intercourse with both Crowe and Still.
They then released her and, during the early morning hours of August 27, she made her way to the Baton Rouge City Police department and reported the incident. In the meantime, the two women who were with her made contact with other police units and were also at their headquarters.
An investigation was initiated and, later that day, a police lineup was held and Crowe was positively identified by the victim and Carolyn Phagans. Shortly thereafter, he resigned from the police force.
Criminal charges followed and Crowe only was convicted of malfeasance in office. In this litigation, Crowe, Still, and the City of Baton Rouge were the original defendants. American Home Assurance Company (American Home), the liability insurer of the police department, was later made a third party defendant. It declined coverage for the acts alleged and refused to provide a defense for the City and Crowe. After trial, judgment was rendered in favor of the plaintiff and against Crowe and his employer, the City of Baton Rouge, and against Still individually in the amount of $6000.00. All demands against American Home were dismissed.
Appeals were taken by those cast in judgment. No answer to any appeal has been filed. We conclude that the judgment of the district court should be affirmed in part and reversed in part.
Various defenses are asserted here by the appellants. Crowe and Still argue that the plaintiff's proof was insufficient to support a judgment in her favor and Crowe and the City of Baton Rouge seek indemnity and defense and other costs from American Home. The City also maintains that it should not be liable for the actions of Crowe because they were not within the course and scope of his employment as a police officer.
The district court's detailed written reasons for judgment are a part of this record and we are in accord with its factual findings. We are convinced that the events, as related by the plaintiff and her two companions, are essentially correct and that Crowe and Still did, under the authority of the position held by Crowe, take Clementine Applewhite into custody and forced her to commit the alleged acts against her will, all of which amounted to a willful violation of a penal statute and an abuse of the public trust placed in them.
*121 Much evidence supports that conclusion. Officer Ike Stubbs, also a K-9 officer on duty that night, came upon Crowe at Memorial Stadium during the hours when these events transpired. Still was not to be seen in Crowe's unit at the time. Crowe asked Stubbs to leave the area because Still was engaging in sexual intercourse at the time and he (Crowe) had just done the same.
Within a few hours after these deplorable events, Crowe was positively identified in a police lineup by the victim and Carolyn Phagans. Later that day, Crowe admitted to police captain Andrew Andrepont that all of the above happened as the plaintiff had said that it did and he did not deny that statement when this matter was tried. He voluntarily resigned later that day.
The appellants primarily rely on two items of evidence in their defense. The plaintiff related that when Crowe had finished his forceable acts, that he gave her a towel that she used to clean herself. That towel was supposedly found in his vehicle on the morning of the investigation and an analysis by the state crime laboratory proved negative for semen.
They also argue that in the criminal trials of Crowe and Still, the plaintiff was unable to clearly identify either of them as her assailants.
We find that the trial judge correctly resolved both of these issues in the plaintiff's favor.
The towel was not offered into evidence and there was no proof that the one which was analyzed was the one given to the appellee. We note additionally that the plaintiff did not have an opportunity to cross-examine the person who apparently performed the test, as she was not called to testify at the trial. Therefore, this evidence does not greatly strengthen the defendants' case.
As for the problems of identity previously mentioned, the testimony plainly shows that Clementine Applewhite was a very reluctant witness who wanted to withdraw from all public confrontations with these persons, and understandably so. The emotional impact that these events had upon her is well documented in the record and her fear of Crowe and Still was to be expected. As we have previously noted, the involvement of these defendants in this abduction was well established in the hours immediately following their actions.
We believe the plaintiff's testimony in this case to be credible and that the evidence preponderates in her favor. We also find that the City of Baton Rouge, as the employer of Crowe, is responsible for his actions on that evening.
The City maintains that the actions of Crowe are far removed from the course and scope of his employment and that it should not be vicariously responsible for sexual abuses committed by its officers. Due to the particular facts of this case, that argument has no merit.
We particularly note that Officer Crowe was on duty in uniform and armed, and was operating a police unit at the time of this incident. He was able to separate the plaintiff from her companions because of the force and authority of the position which he held. He took her into police custody and then committed the sexual abuses upon her in the vehicle provided for his use by his employer.
A police officer is a public servant given considerable public trust and authority. Our review of the jurisprudence indicates that, almost uniformly, where excesses are committed by such officers, their employers are held to be responsible for their actions even though those actions may be somewhat removed from their usual duties. This is unquestionably the case because of the position of such officers in our society.
In Cheatham v. Lee, 277 So.2d 513 (La. App. 1st Cir. 1973), we found that the City of Baton Rouge was responsible for the unnecessary actions of a member of its police force who was in uniform and armed but who was off duty and was chaperoning a private party outside of the city limits of Baton Rouge.
*122 Similarly, in Bourque v. Lohr, 248 So.2d 901 (La.App. 1st Cir. 1971), the liability insurer of the City of New Iberia was cast in judgment for certain torts committed by an off duty, uniformed police officer using his private vehicle.
In short, as noted by the district court in its excellent analysis of this problem, where it is found that a law enforcement officer has abused the "apparent authority" given such persons to act in the public interest, their employers have been required to respond in damages. This is particularly true where, as here, the officer is on duty.
As noted in LeBrane v. Lewis, 292 So.2d 216 (1974):
"In Louisiana, as elsewhere, an employer (master) is liable for a tort committed by his employee (servant) if, at the time, the servant is acting within the scope of his employmentacting, as our Civil Code Article 2320 phrases it, `in the exercise of the functions in which ... employed." Article 2320; Blanchard v. Ogima, 253 La. 34, 215 So.2d 902 (1968); Comment, 33 La.L.Rev. 110 (1972)."
Accordingly, we find that the City of Baton Rouge is responsible for the actions of Crowe in this case.
We now turn to the possible liability of American Home Assurance Company for either the judgment rendered against Crowe and the City or for its failure to provide a defense.
The district court found that, by the terms of its policy of insurance, American Home provided no coverage for the actions of Crowe. That finding was based upon the following exclusionary clause:
"(b) To damages arising out of the willful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured, or claims or injury arising out of acts of fraud committed by or at the direction of the insured with affirmative dishonesty or actual intent to deceive or defraud; ..."
It is clear that Officer Crowe violated several penal statutes during the course of this incident and was convicted of one criminal charge. The acts for which the plaintiff is being compensated were willful violations of penal statutes. We conclude that this insurer did not assume a risk involving criminal intent on the part of an insured and that the above quoted provisions are sufficient to exclude coverage. Therefore, American Home is not liable for the damages assessed against Crowe and the City.
We do find, however, that American Home owed a defense to Crowe and the City of Baton Rouge. An insurer's duty to defend is set out in American Home Assurance Company v. Czarniecki, 255 La. 251, 230 So.2d 253 (1969) as follows:
"Generally the insurer's obligation to defend suits against its insured is broader than its liability for damage claims. And the insurer's duty to defend suits brought against its insured is determined by the allegations of the injured plaintiff's petition, with the insurer being obligated to furnish a defense unless the petition unambiguously excludes coverage. Benoit v. Fuselier, 195 So.2d 679 (La.App.1967).
Thus, if, assuming all the allegations of the petition to be true, there would be both (1) coverage under the policy and (2) liability to the plaintiff, the insurer must defend the insured regardless of the outcome of the suit. Additionally, the allegations of the petition are liberally interpreted in determining whether they set forth grounds which bring the claims within the scope of the insurer's duty to defend the suit brought against its insured. Benoit v. Fuselier, ibid."
American Home's policy provided coverage for personal injuries inflicted by an insured, which was defined as: "`[P]ersonal injury' means false arrest, erroneous service of civil papers, false imprisonment, malicious prosecution, libel, slander, defamation of character, violation of property rights and, if committed while making or attempting to make an arrest or while resisting an overt attempt to escape by a person under arrest before such person has been or could have been brought before a magistrate or like *123 official authorized to hold a preliminary hearing, assault and battery, provided that no act shall be deemed to be or result in personal injury unless committed in the regular course of duty by the insured."
The plaintiff's petition and amended and supplemental petition contain allegations for which coverage is provided by the policy in question. We note particularly paragraph "6" of the amended and supplemental petition, to wit:

"6.
`At all times material herein, petitioner was put in fear of great bodily harm and did in fact suffer great pain and humiliation on being assaulted, battered, falsely arrested, falsely imprisoned, libelled, slandered, her character defamed, and on being forced to submit to such loathesome and despicable acts and under such conditions.'"
If those allegations were true, there would be coverage under the policy and liability to the plaintiff. Therefore, those appellants are entitled to be paid defense costs by American Home. However, the overriding facts for which the plaintiff was eventually compensated were not those alleged in paragraph 6 above, but were the willful violations of a penal statute, previously described, which were thus excluded from coverage.
The record contains no evidence as to the amount of defense costs, the time spent by counsel, or of counsel's general hourly rate. However, this court, in its discretion, can award reasonable attorney's fees based upon our evaluation of the work performed. See Continental Automobile Association, Inc. v. Hansen, 334 So.2d 437 (La.App. 4th Cir. 1976) and authorities cited therein. Considering the complexity of this matter, the length of the trial and the preparation and research which was obviously done, we find that an award of $2000.00 each to counsel for Crowe and the City of Baton Rouge is in order and will be paid by American Home Assurance Company.
For the above reasons, the judgment of the district court is affirmed insofar as it (1) awarded judgment on the principal demand in favor of Clementine Applewhite and against Milton D. Crowe, Frank J. Still, Jr. and the City of Baton Rouge, jointly and in solido, in the sum of $6000.00, together with legal interest thereon from date of judicial demand, until paid, and for all costs of this suit, (2) rejected Clementine Applewhite's demands against American Home Assurance Company, and (3) rejected the third party demands of the City of Baton Rouge, Milton D. Crowe and Frank J. Still, Jr., against American Home Assurance Company insofar as liability coverage on the plaintiff's principal demand. The judgment of the district court is reversed insofar as it denied the City of Baton Rouge and Milton D. Crowe's third party demands for defense and judgment is rendered herein in favor of the City of Baton Rouge and Milton D. Crowe and against American Home Assurance Company in the sum of $2000.00 each, together with legal interest thereon from date of judicial demand, until paid.
AFFIRMED IN PART, REVERSED IN PART AND RENDERED.