554 So.2d 1324 (1989)
Norma R. SOLAR
v.
Joseph GRIFFIN and State Farm Mutual Automobile Insurance Company.
No. CA 88 1835.
Court of Appeal of Louisiana, First Circuit.
December 19, 1989.
Writ Denied March 22, 1990.
*1325 Kerry P. Camarata, Thibodaux, for plaintiff in intervention and appellantRichard A. Thalheim, Jr.
Hunt B. Downer, Jr., Houma, for plaintiff, defendant in intervention and appelleeNorma S. Solar.
Before CARTER, SAVOIE and ALFORD, JJ.
ALFORD, Judge.
The intervenor, Richard A. Thalheim, Jr., appeals the judgment rendered on the intervention against the plaintiff, Norma Solar, wherein Thalheim was awarded $750.00 as his legal fee plus court costs advanced in the amount of $335.00, as well as all costs of the intervention.

FACTUAL BACKGROUND
On August 15, 1986, Ms. Solar was involved in an automobile accident. On August 20, 1986, she contracted with Thalheim's law firm for them to represent her in her tort suit on a contingency fee basis. At that time, Thalheim was also representing her on another tort matter. She executed medical authorization forms and was referred to Dr. Pete Rhymes for examination and treatment beginning on August 25, 1986. Thalheim advanced the cost of her medical treatment directly to Dr. Rhymes. The law firm also requested and paid for a copy of the state police report, and the attorney working on the case, Kerry Camarata, notified the defendant in the principal action and his insurer that Thalheim was representing Ms. Solar. Thereafter, Camarata received and reviewed medical bills and reports and forwarded them on to the adverse party's insurer. Additionally, he advised the hospital to which Ms. Solar was sent that the firm would be responsible for her treatment and advanced $37.00 to cover the cost of obtaining the medical records in the latter part of November. During this period of time, the firm continued to pay her doctor bills and also paid local pharmacies for medicines obtained by her. The firm also advanced her living expenses on a periodic basis, for which she and others allegedly signed promissory notes. The firm last advanced living expenses to her on December 29, 1986, more than six weeks after Ms. Solar alleged she fired Thalheim. Caramata became aware that another firm might be assuming her representation and on January 26, 1987, wrote to the other firm seeking confirmation. From the time of the accident until the last advance to Ms. Solar on December 29, Thalheim expended $799.00 in physician fees, $107.52 in pharmacy bills, $57.00 in investigatory and filing expenses and $1,272.25 for eight advances to Ms. Solar for living expenses.

PROCEDURAL HISTORY
On February 9, 1987, the law firm of Waitz and Downer filed the lawsuit in the instant case on Ms. Solar's behalf, and undertook discovery actions and the prosecution of the suit. On May 27, 1987, Thalheim filed an intervention in the suit. Trial *1326 on the merits in the principal action was heard on November 10, 1987, and judgment was rendered thereafter in favor of Ms. Solar in the amount of $54,469.90 plus interest. No appeal was taken from the judgment and funds in payment of this judgment were subsequently deposited with the court. Thalheim filed an amended intervention on March 29, 1988, setting out specific expenses claimed by the firm. Ms. Solar filed a motion to strike the amended intervention and an exception of no cause of action, both of which were referred to trial on the intervention, which was held on August 5, 1988. The court issued reasons for judgment on September 1, 1988, finding that most of the legal services rendered were performed by Waitz and Downer, and that Thalheim was entitled to a fee of $750.00, plus all taxable court costs advanced by Thalheim. The court also found that Thalheim could not, under La.R.S. 37:218, recover loans or medical payments made. A judgment in accordance with the court's reasons was signed on September 20, 1988. Thalheim then perfected this appeal, alleging that the trial court erred (1) in failing to award a discharged attorney his proven expenses merely because he has no privilege for expenses under La.R.S. 37:218, (2) in failing to recognize intervenor's causes of action for his expenses arising under the retainer agreement, the promissory notes, and theories of mandate of unjust enrichment, and (3) in failing to award intervenor an adequate attorney's fee. A fourth assignment of error in regard to the judge's failure to render judgment against Waitz & Downer as well as Ms. Solar was not briefed; therefore, it is considered abandoned. Uniform Rules Courts of Appeal, Rule 2-12.4. Ms. Solar did not appeal or answer the appeal.

EXPENSES
Under La.R.S. 37:218, an attorney who has a written contract affording him an interest in his client's claim has a privilege to the extent of his fee, which includes the agreed-upon contingency fee, taxable court costs advanced by the attorney, and the attorney's necessary and reasonable expenses in pursuance of the litigation, such as those for investigation and travel. The fee does not include advances in the form of loans or payment or reimbursement of expenses in the form of medical bills or prescriptions. Calk v. Highland Construction & Manufacturing, 376 So.2d 495 (La.1979). Therefore, the judge did not err in determining that loans or medical expenses were not subject to the privilege afforded by the statute. However, the judge did fail to note an item of the expenses which is covered by the statute, namely, the attorney's necessary and reasonable expenses in pursuance of the litigation, which in this case consists of $42.00 (the cost of the police report and the hospital records). The claimed costs for telephone calls, postage and photocopying are disallowed since there was no evidence introduced to show what portion, if any, of these charges were incurred in pursuance of Ms. Solar's claim. Additionally, the $15.00 paid by Thalheim to record the retainer agreement is recoverable as a taxable court cost advanced by the attorney.
We agree with Thalheim that the lack of a privilege on the medical expenses paid by him does not preclude a judgment against the plaintiff. A party has a right to intervene in a pending action if he has a justiciable right related to or connected with the principal suit. La.C.C.P. art. 1091; Chrysler First Financial Services Corp. v. Zia Corporation, 536 So.2d 806 (La.App. 1st Cir.1988), appeal dismissed, 542 So.2d 87 (La.App. 1st Cir.1989). What constitutes a justiciable right is set forth in Amoco Production Company v. Columbia Gas Transmission Corporation, 455 So.2d 1260, 1264 (La.App. 4th Cir.), writs denied, 459 So.2d 542 and 543 (La.1984), as follows:
We are of the opinion that a "justiciable right" as used in interpreting Article 1091 means the right of a party to seek redress or a remedy against either plaintiff or defendant in the original action or both, and where those parties have a real interest in opposing it. If that right does exist, then, in order to intervene it must be so related or connected to the facts or object of the principal action that a judgment on the principal action will have a *1327 direct impact on the intervenor's rights. This connexity requirement is essential. [Footnote omitted.]
Clearly, Thalheim had the right under his retainer agreement with Ms. Solar to seek repayment of medical expenses including pharmacy charges advanced by him.[1] It is equally clear that this right was so connected to the facts or object of the suit (award of special damages) that a judgment on the principal action would have a direct impact on Thalheim's rights. Therefore, we find that judgment should have been rendered in his favor for the $906.52 in medical expenses advanced by his firm.
However, we do not agree with Thalheim that his action on the promissory notes signed by Ms. Solar and others should be handled under his intervention. Promissory notes are actionable in themselves and there was no showing of the requisite connexity as set out in Amoco, 455 So.2d at 1264. There was no contention that a judgment on the principal action would have a direct impact on the intervenor's rights since Thalheim can sue on these notes. Additionally, one of the notes was signed prior to the accident that was the subject of the principal action and could not be considered under La.C.C.P. art. 1091. Repayment of living expenses loaned to the plaintiff was not mentioned in the retainer agreement signed by Ms. Solar; therefore, Thalheim has no basis for repayment of the loan under an alleged breach of that contract. Nor does Thalheim have a basis of recovery for these loans under a theory of unjust enrichment since Louisiana jurisprudence requires that there must be no other remedy at law before unjust enrichment can be used as the basis for an action. Kirkpatrick v. Young, 456 So.2d 622 (La.1984). As noted previously, Thalheim can sue on the notes. Therefore, the trial judge was correct in determining that Thalheim could not recover loans made to the plaintiff by means of an intervention.

ADEQUATE ATTORNEY'S FEE
The trial court found that Ms. Solar entered into a retainer agreement with Thalheim on August 20, 1986, and that Ms. Solar subsequently terminated this arrangement and hired another firm to represent her. The retainer agreement executed by Ms. Solar in favor of Thalheim provided under Item No. 3 that "[i]n the event it is necessary to prepare and/or file suit or suits upon the claim and/or claims, Attorney is to receive as compensation for his services forty (40%) percent of whatever gross amount is collected." Apparently, the firm that Ms. Solar later hired agreed to a lesser percentage.
The Supreme Court in Saucier v. Hayes Dairy Products, Inc., 373 So.2d 102, 118 (La.1979), stated:
[O]nly one contingency fee should be paid by the client, the amount of the fee to be determined according to the highest ethical contingency percentage to which the client contractually agreed in any of the contingency fee contracts which he executed. Further, that fee should in turn be allocated between or among the various attorneys involved in handling the claim in question, such fee apportionment to be on the basis of factors which are set forth in the Code of Professional Responsibility.
Therefore, we initially note that the applicable contingency fee in the case is 40% of the gross amount collected.
The Code of Professional Responsibility has been replaced as of January 1, 1987, by the Rules of Professional Conduct (Article XVI of the Articles of Incorporation of the Louisiana State Bar Association as set forth in Title 37 of the Revised Statutes). Eight factors are to be considered in determining the reasonableness of the fee, including time and labor required, novelty and difficulty of the questions, the requisite level of skill, the likelihood the attorney will have to forego other employment to handle the matter, the customary fee for similar service, the amount involved and *1328 the result obtained, time limitations, the professional relationship between the attorney and client, the experience, reputation and ability of the attorney and whether the fee is fixed or contingent. (Art. 16, Rule 1.5.)
Saucier, 373 So.2d at 118, further states that "[t]he amount prescribed in the contingency fee contract, not quantum meruit, is the proper frame of reference for fixing compensation for the attorney prematurely discharged without cause." The trial court cited Saucier as applicable; therefore, the court apparently determined that Thalheim was discharged without cause. The court also stated that the second law firm hired "performed most of the services rendered in the Solar case." After stating that the division of the fee should be in proportion to the services performed by each lawyer, the court awarded a fee of $750.00, or approximately 3.5% of the 40% fee. We note that, under the Saucier rationale, the attorney's fee should be apportioned on a percentage basis in regard to the work performed, rather than on a dollar basis which connotes quantum meruit.
A trial judge has great discretion in setting an attorney's fee and the award should not be modified on appeal absent a showing of abuse of discretion. Sims v. Selvage, 499 So.2d 325 (La.App. 1st Cir.1986), writ not considered, 503 So.2d 7 (La.1987). After reviewing the record, we find that the trial judge did not abuse his discretion in awarding Thalheim 3.5% of the total attorney's fee since it is evident that the firm Ms. Solar subsequently hired performed most of the work undertaken, including all discovery and settlement negotiations with the tortfeasor's carrier, as well as successfully trying the case against Ms. Solar's underinsured motorist carrier. However, we do note that award of attorney's fee should include interest. Sims, 499 So.2d at 326.

CONCLUSION
For the foregoing reasons, we find that the trial court erred in failing to find that $57.00 in expenses were covered as part of intervenor's fee under La.R.S. 37:218 and in failing to award intervenor $906.52 in medical expenses under this intervention even though these expenses are not covered by the statutory privilege. We also find that the award of attorney's fee should be amended to include interest, and that the award should be expressed as a percentage rather than a dollar amount. We affirm the judgment of the trial court in all other respects.
Therefore, we amend the trial court's judgment on the intervention by Thalheim to read "in the amount of three and one half percent (3.5%) of forty percent (40%) of the gross amount collected, plus $57.00 in expenses, inclusive of interest, as Thalheim's fee; $906.52 in medical and pharmaceutical expenses advanced by intervenor; and court costs advanced by intervenor in the amount of $335.00 as well as all cost of this intervention." Costs of this appeal are to be borne equally by Thalheim and Solar.
REVERSED IN PART AND RENDERED, AFFIRMED IN PART, AMENDED IN PART, AND AS AMENDED, AFFIRMED.
NOTES
[1] Under Item 4 of the retainer agreement executed by Ms. Solar, she agreed that "[e]xpenses (including but not limited to ... medical and/or hospital costs or any payments therefor...) are to be the responsibility of the client."