588 So.2d 1150 (1991)
Arlene Guidry HEBERT and Gary J. Hebert, Individually and as Administrator of his Minor Children, Dodie Hebert and Dana Hebert
v.
STATE FARM INSURANCE CO., et al.
No. CA 90 0725.
Court of Appeal of Louisiana, First Circuit.
October 18, 1991.
*1151 Joshua A. Tilton, Mandeville, for plaintiffs and appellants, Arlene G. Hebert et al.
Jerald P. Block, Thibodaux, for appellee and intervenor.
Before COVINGTON, C.J., and SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
This appeal concerns an intervention in a damage suit by a discharged attorney seeking attorneys fees out of the proceeds of a settlement. The trial court ruled in favor of intervenor and plaintiffs have now appealed.

FACTUAL BACKGROUND
On September 4, 1985, plaintiff, Gary J. Hebert injured his back while working on a vessel owned by his employer, Nolty J. Theriot, Inc. (Nolty Theriot). Mr. Hebert was allegedly a Jones Act seaman working as a mate at the time of the accident. After a period of conservative medical treatment, Mr. Hebert returned to work on light duty.
Subsequently, on October 31, 1985, he was enroute to work as a passenger in a vehicle owned by his employer and driven by a co-employee, Mr. Guidry, which was involved in a collision with another vehicle driven by Suzanne Yancey. Mr. Hebert sustained additional injury to his back in this collision. Ultimately, he had three back surgeries and has not returned to work since that time.
Mr. Hebert and his wife, Arlene G. Hebert, engaged intervenor, Jerald P. Block, as their attorney under a contingency contract on August 15, 1986. Mr. Block filed a consolidated suit against Nolty Theriot for the September 4, 1985 work accident and against Mr. and Mrs. Yancey for the October 31, 1985 vehicular accident. In addition, he performed various other acts in furtherance of this suit until he was discharged by plaintiffs on April 20, 1988. As of that time, Mr. Block had obtained the proceeds of a $15,000.00 disability policy for plaintiffs, and State Farm Insurance Company, Mrs. Yancey's liability insurer, had deposited $25,000.00 into the registry of the court.
Plaintiffs thereafter engaged Joshua A. Tilton as their attorney. Mr. Tilton filed two amending and supplemental petitions in this suit. In the first amending petition[1], *1152 Mr. Tilton alleged Nolty Theriot was liable under the Jones Act for the injuries Mr. Hebert sustained in the October 31, 1985 accident because Mr. Guidry was guilty of negligence in addition to that of Mrs. Yancey. In his second amending petition[2], Mr. Tilton added the State of Louisiana, through the Department of Transportation and Development, as a defendant, alleging it was also guilty of fault contributing to the October 31, 1985 accident.
Plaintiffs ultimately settled their claim against Nolty Theriot and its insurer for a total of $125,000.00. Additionally, as part of the settlement plaintiffs also received the $25,000.00 deposited in the court registry by State Farm. Trial was also held on plaintiffs' claim against the State, which resulted in judgment in favor of the State dismissing plaintiffs' suit.[3]
On May 9, 1988, Mr. Block filed an intervention in these proceedings seeking a one-third contingency fee pursuant to his contract with plaintiffs or, in the alternative, attorneys fees on a quantum merit basis. A hearing on the intervention was scheduled for 9:00 o'clock a.m. on December 20, 1989. Mr. Tilton failed to appear in court at the scheduled time, although he did telephone the court's clerk that he had been detained by a traffic accident. At 10 o'clock a.m., the trial court began the hearing without him. However, both plaintiffs were present and were permitted to testify, as well as to question Mr. Block. Mr. Tilton still had not appeared when the hearing concluded.
At the conclusion of the hearing, the trial court rendered judgment awarding Mr. Block attorney fees of $21,666.66. This amount consisted of one-third of the one-third contingency fee due on the plaintiffs' total settlement of $150,000.00, equalling $16,666.66, plus $5000.00, as a one-third contingency fee on a $15,000.00 disability policy collected on plaintiffs' behalf by Mr. Block prior to his discharge. Mr. Block was also awarded $656.10 in expenses. Judgment to this effect was signed on January 2, 1990. This appeal followed.

ISSUES
1. Whether the trial court erred in concluding intervenor was entitled to an award of attorney fees on the basis that his efforts contributed to the settlement obtained by plaintiffs?
2. Whether the trial court erred in awarding attorney fees to intervenor because there was insufficient proof of record as to the amount of work performed by intervenor?
3. Whether the trial court erred in holding the hearing on Mr. Block's intervention in the absence of plaintiffs' counsel?

ISSUE ONE
An attorney discharged by his client, unless discharged for cause, is entitled to payment for his services on a quantum meruit basis. Where the client subsequently retains another attorney, the fee should be apportioned according to the respective services and contributions of each attorney, as well as any other relevant factors. Sims v. Selvage, 499 So.2d 325, 329 (La.App. 1st Cir.1986); writ not considered, 503 So.2d 7 (1987). The trial court has great discretion in apportioning attorney fees in such circumstances, and such an award will not be modified on appeal absent an abuse of that great discretion. Solar v. Griffin, 554 So.2d 1324, 1328 (La. App. 1st Cir.1989), writ denied, 558 So.2d 582 (1990); Sims, supra.
In the instant case, plaintiffs maintain that the trial court erred in awarding Mr. Block attorney fees on a settlement not the result of his work efforts. They contend *1153 the settlement obtained from Nolty Theriot and its insurer was made to settle their Jones Act claim based on the vehicular accident, which was asserted by their second attorney, Mr. Tilton, and not the original Jones Act claim arising from Mr. Hebert's work accident on September 4, 1985, which was the only Jones Act claim made by Mr. Block.
Plaintiffs' claim that the settlement was due exclusively to their second Jones Act claim against Nolty Theriot, rather than to a combination of the two Jones Act claims, is entirely speculative and, furthermore, lacks support in the record. Firstly, plaintiffs made no attempt, through testimony of Nolty Theriot representatives or otherwise, to prove this contention. Secondly, this entire argument is based on the premise that the driver of the Nolty Theriot vehicle was guilty of negligence contributing to the collision. However, at the trial of plaintiffs' claim against the State based on the vehicular accident, the trial court made the following observations in reaching a conclusion that the accident was due solely to Suzanne Yancey's negligence: "I think the overwhelming thing is that the Nolty Theriot vehicle operated by Mr. Guidry was not speeding at the time of the accident. I feel that the overwhelming evidence is that Mr. Guidry was operating the vehicle correctly and was not a cause of the accident that occurred." Of course, the settlement with Nolty Theriot was reached prior to this trial, before the parties knew the conclusions the trial court would reach with respect to this issue. Nevertheless, the court's observations tend to belie plaintiffs' argument that the settlement was due solely to the Jones Act claim based on the vehicular accident.
Given the totality of the circumstances, the record of these proceedings, and particularly considering the trial court's familiarity with this litigation, we find no abuse of discretion in the court's conclusion that Mr. Block was entitled to an award of attorney fees from the proceeds of the plaintiffs' settlement.

ISSUE TWO
Plaintiffs also complain that the trial court erred in awarding attorney fees to intervenor without requiring that he prove the number of hours he actually worked on plaintiffs' case.
At the hearing held on his intervention, Mr. Block filed a time and expense sheet with the court, detailing the activities and services he performed in this case. Additionally, proof of the value of an attorney's services is not necessary if the services are evident from the record or were rendered under the supervision of the court. Gulf Wide Towing v. F.E. Wright (U.K.), 554 So.2d 1347, 1354-55 (La.App. 1st Cir.1989); Thibaut, Et Al. v. Smith & Loveless, Inc., 517 So.2d 222 (La.App. 1st Cir.1987). In the instant case, Mr. Block performed some services under the court's supervision, and others are evident from an examination of the record. In rendering its award to Mr. Block, the trial court gave the following oral reasons for its judgment:
The court has looked at and is familiar with the record of this proceeding, familiar with the litigation. The court's also familiar with the rules of professional conduct, in particular Rule 1.5 that deals with the setting of the fee. The litigation was somewhat novel. The court does note from the time and expense sheet of Mr. Block that no depositions were taken during the period of time that he represented the Heberts. That during this period of time the Heberts were able to collect with the assistance of Mr. Block a disability policy totalling $15,000 and also $25,000 was deposited into the registry of the court by State Farm. Those two awards to the Hebert would generate a fee of $13,333.34 to Mr. Block.
. . . . .
With regards to that settlement [$150,000], based upon the time and expense sheets of Mr. Block, the court feels that he would be entitled to one-third of that fee.
Given the court's familiarity with the case and its great discretion in apportioning attorney fees, we can not say that the *1154 award of attorney fees to intervenor was an abuse of the court's discretion. The award made is adequately supported by the record.

ISSUE THREE
Plaintiffs' counsel, Mr. Tilton, also contends that the trial court committed error in permitting the December 20, 1989 hearing to proceed in his absence. We disagree, concluding the trial court acted within its discretion in holding the hearing. Under La.C.C.P. art. 1631 courts have the inherent power to require proceedings to be conducted "in an orderly and expeditious manner, and to control the proceedings at trial...."
In this case, the court waited one hour for Mr. Tilton to appear before commencing the hearing. Mr. Tilton still had not appeared by the time the hearing concluded, after the testimony of Mr. Block and each of the plaintiffs. In brief Mr. Tilton contends that "[d]ue to a traffic accident, this writer was late in arriving at court for the hearing ..." However, Mr. Tilton does not contend he requested a continuance from the court. Further, he does not specify what time he ultimately arrived, nor does he give any details of the alleged traffic accident. The trial court rendered its decision from the bench on December 20, 1989, but did not sign the judgment until January 2, 1990. During this interval, as well as during the delay permitted for applying for a new trial, Mr. Tilton made no effort to adequately explain or justify his failure to appear to the court. Nor did he apply for a new trial on this basis. Given these circumstances, plaintiff's contention that the trial court erred in holding the hearing in Mr. Tilton's absence is without merit. See Dillard v. Stamm, 400 So.2d 1112, 1114 (La.App. 1st Cir.1981); Cf. Maison Blanche Co. v. Mefsut, 181 So. 646 (La.App.Orleans 1938); Daily States Pub. Co. v. White, 9 La.App. 70, 118 So. 839 (La.App.Orleans 1928).

CONCLUSION
For the reasons assigned, the judgment of the trial court is affirmed. Plaintiffs-Appellants are to bear all costs of this appeal.
AFFIRMED.
NOTES
[1] This petition was actually the third supplemental and amending petition filed, Mr. Block having previously filed two amending petitions in this suit.
[2] This amending petition was the fourth supplemental and amending petition filed herein.
[3] In brief, plaintiffs also argue that Mr. Block's representation was deficient because he failed to raise a claim against the State based on the October 31st vehicular accident. However, in light of the trial court's judgment, which this Court has affirmed in a decision rendered this date under Docket Number CA 90 0970, this argument obviously lacks merit.