602 So.2d 1093 (1992)
Nancy Gaiennie DeVILLIER
v.
Mark Stephen DeVILLIER.
No. CA 91 0936.
Court of Appeal of Louisiana, First Circuit.
June 29, 1992.
*1094 William G. Davis, Baton Rouge, for plaintiff-appellee Nancy Gaiennie DeVillier.
James Zito, Baton Rouge, for defendantappellee Mark Stephen DeVillier.
Harry L. Shoemaker, III, Baton Rouge, for Harry L. Shoemaker, III, intervenor (appellant).
Before LOTTINGER, EDWARDS and GONZALES, JJ.
GONZALES, Judge.
This appeal addresses the propriety of a dismissal of an intervention by an attorney, Harry L. Shoemaker, III, for his fee, into a proceeding for arrearages of alimony pendente lite and child support. From the trial court judgment dismissing his intervention, Mr. Shoemaker appeals and makes the following assignments of error:
1) The trial court erred in awarding plaintiff in rule, Nancy Gaiennie DeVillier, attorney's fees in the amount of only $600 in its judgment of December 7, 1990.
2) The trial court erred in holding that it lacked subject matter jurisdiction over intervenor's claims for attorney's fees against the losing party herein, defendant in rule, Mark Stephen DeVillier, and in therefore dismissing the intervention at intervenor's costs in its judgment of February 14, 1991.
Appellant's law firm represented plaintiff, Nancy Gaiennie DeVillier, in her initial rule for contempt filed in 1987 against defendant, Mark Stephen DeVillier, for his alleged failure to pay alimony pendente lite and child support. Mr. DeVillier was successful at the trial level in his exception pleading the objection of no cause of action *1095 on the basis of a reconciliation between the parties. Thereafter, Mr. Shoemaker perfected an appeal on behalf of Mrs. DeVillier to this court, wherein the trial court judgment was overturned and Mrs. DeVillier was found to be entitled to pursue her claim to collect alimony and child support which had accrued prior to the reconciliation. DeVillier v. DeVillier, 543 So.2d 1142 (La.App. 1st Cir.1989).[1] Just prior to the decision on appeal, Mr. Shoemaker was replaced by M. Glenn Hawkins as plaintiff's counsel of record.[2] In 1989, Mr. Hawkins filed a motion and order to implement visitation regarding the DeVillier's minor child, Mark DeVillier. In addition, Mr. Hawkins also filed a rule for arrearages, contempt, costs and attorney fees, which covered the time period addressed in the previous rule filed by Mr. Shoemaker and which was the subject of the appeal referred to hereinabove. On January 8, 1990, an intervention was filed by Mr. Shoemaker and his partner Mark M. Lazarre. Both the main demand and the intervention were dismissed on June 5, 1990, for failure of counsel to appear in court. Plaintiff obtained yet another attorney, William G. Davis, who re-filed her motions on September 14, 1990. Mr. Shoemaker refiled his intervention on his own behalf on October 1, 1990. A judgment was rendered in Mrs. DeVillier's favor on December 7, 1990, in the sum of $1,425.00 as arrearages for alimony and child support; attorney's fees of $600.00 were also awarded. The trial judge assigned written reasons on February 1, 1991, dismissing the intervention.
In his written reasons for judgment, the trial judge reached the conclusion that since attorney fees were awarded under La.R.S. 9:305[3] "to the prevailing party", intervenor did not "own" the fee,[4] and therefore, had no right to intervene. The trial court held that "any claim intervenor has against Mrs. Devillier [sic] must be litigated as a separate suit against a former client for fees in a matter that stopped short of an award.... That suit must be filed in the district court. The Family Court lacks subject matter jurisdiction."
The jurisdiction of the Family Court for the parish of East Baton Rouge is provided in La.R.S. 13:1401:
A. There is hereby established the family court for the parish of East Baton Rouge, which shall be a court of record with exclusive jurisdiction in the following proceedings:
(1) All actions for divorce, annulment of marriages, establishment or disavowal of the paternity of children, spousal and child support, and custody and visitation of children, as well as of all matters incidental to any of the foregoing proceedings, *1096 including but not restricted to the issuance of conservatory writs for the protection of community property, the awarding of attorney fees in judgments of divorce, the cumulation of and rendering executory of spousal and child support, the issuance of writs of fieri facias and garnishment under judgments of the court for spousal and child support and attorney fees, jurisdiction of which was vested in the Nineteenth Judicial District Court for the parish of East Baton Rouge prior to the establishment of the family court for the parish of East Baton Rouge. The Nineteenth Judicial District Court for the parish of East Baton Rouge however, shall have jurisdiction of proceedings involving partition of community property and the settlement of claims arising from matrimonial regimes, and of proceedings involving a claim for contributions made by one spouse to the education or training of the other spouse.
(2) All proceedings for writs of habeas corpus for the determination and enforcement of rights to the custody of minors or for the release of any person in actual custody in any case of which the family court has original jurisdiction.
B. The family court for the parish of East Baton Rouge has all such additional jurisdiction, power, and authority now or hereafter provided by law.
An attorney discharged by his client, unless discharged for cause, is entitled to payment for his services on a quantum meruit basis. Where the client subsequently retains another attorney, the fee should be apportioned according to the respective services and contributions of each attorney, as well as any other relevant factors. Hebert v. State Farm Insurance Company, 588 So.2d 1150 (La.App. 1st Cir. 1991); Sims v. Selvage, 499 So.2d 325 (La. App. 1st Cir.1986), writ not considered, 503 So.2d 7 (La.1987). The trial court has great discretion in apportioning attorney fees in such circumstances, and such an award will not be modified on appeal absent an abuse of that great discretion. Hebert v. State Farm Insurance Company, 588 So.2d at 1152; Solar v. Griffin, 554 So.2d 1324 (La.App. 1st Cir.1989), writ denied, 558 So.2d 582 (La.1990). An intervention into an ongoing litigation by a discharged attorney for his fee has also been allowed in the context of a divorce proceeding. See Lester v. Lester, 516 So.2d 219 (La.App. 4th Cir.1987). We think this is particularly appropriate where a statutory fee is involved, so that the true value of all the legal services necessary for recovery under the statute can be determined and taxed against the losing party.
Furthermore, great emphasis is placed on the trial court's familiarity with the case in apportioning attorney fees under circumstances such as these, involving multiple attorneys. See Hebert v. State Farm Insurance Company, 588 So.2d at 1153. In fact, a court does not have to hear evidence concerning time spent or hourly rates charged in order to make an award since the record will reflect much of the services rendered; however, the attorney may present additional evidence though not required to do so. In the Matter of Andras, 410 So.2d 328 (La.App. 4th Cir.1982). See also Applewhite v. City of Baton Rouge, 380 So.2d 119 (La.App. 1st Cir.1979). Thus, the judge of the family court is in the best position to know the extent and value of the services provided by an attorney to a litigant before that court.
Accordingly, we conclude the apportionment of a statutory attorney fee under former La.R.S. 9:305 between the various attorneys representing the prevailing party during the course of the litigation is properly considered a matter incidental to an action for spousal and child support, under La.R.S. 13:1401(A)(1). We agree with the trial court insofar as any other fee dispute, aside from the attorney fee incurred to recover the past-due alimony and child support, between Mrs. DeVillier and Mr. Shoemaker, should be filed as a separate action in the district court.[5]
*1097 For these reasons, we reverse the judgment of the trial court, dismissing appellant's intervention and remand the matter to the family court for hearing on the matter. Each party is to bear his own costs of this appeal.
REVERSED AND REMANDED.
NOTES
[1] These parties have also appeared before this court appealing a change of custody in the latter part of 1987 from Mrs. DeVillier to Mr. DeVillier. See DeVillier v. DeVillier, 536 So.2d 553 (La.App. 1st Cir.1988).
[2] It may also be noted that when the original petition for separation was filed in 1986 by Mrs. DeVillier, she had a different attorney, Michael S. Walsh.
[3] La.R.S. 9:305 was repealed by Acts 1990, No. 1009, § 9, eff. January 1, 1991. Former R.S. 9:305 read as follows:

When the court renders judgment in an action to make past due alimony or child support executory, or in an action to enforce child visitation rights, except for good cause, the court shall award attorney fees and costs to the prevailing party.
The substance of former La.R.S. 9:305 was reenacted in La.R.S. 9:375, which provides:
A. When the court renders judgment in an action to make executory past-due payments under a spousal or child support award, or to make executory past-due installments under an award for contributions made by a spouse to the other spouse's education or training, it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
B. When the court renders judgment in an action to enforce child visitation rights it shall, except for good cause shown, award attorney's fees and costs to the prevailing party.
[4] Although the family court judge relied on the fact that the General Investment court stopped short of saying an attorney owns the amount awarded to his client as an attorney fee, the jurisprudence cited therein makes it clear that an award of attorney fees made to the client is on behalf of his attorney and is owed to the attorney. General Investment, Inc. v. Thomas, 422 So.2d 1279 (La.App. 5th Cir.1982).
[5] Only the value of the work undertaken by Mr. Shoemaker on behalf of Mrs. DeVillier resulting in recovery under former La.R.S. 9:305 is properly before the family court; thus, any claim for fees Mr. Shoemaker might have on another matter (for instance, on the change of custody issue) could not be considered by the family court.