I2FOGG, Judge.
In this collection suit, third-party defendant, Eric O. Person, appeals from a judgment awarding Mr. and Mrs. Paul Raymond damages for violation by Person of the Federal Fair Debt Collection Practices Act[1] (hereinafter “FDCPA”), 15 U.S.C. § 1692 et seq.
Southern Siding Company, Inc. and Mr. and Mrs. Paul Raymond entered into a contract on November 13, 1990 wherein Southern Siding agreed to manufacture and install twenty-five custom-made thermo-seal insulating windows in the Raymond home for a purchase price of $17,500. The terms of the sale included a $3,000 down-payment by personal check and a promissory note in the *46 amount of $14,500 to cover the remaining balance.
Within a few hours of the sale, the Ray-monds telephoned Southern Siding to notify the company that they desired to cancel the order. The sales representative returned to their home in an effort to convince the couple to follow through with the terms of the contract. Despite this, the Raymonds cancelled the contract and stopped payment on their $3,000 check. In addition to verbal cancellation, on the same day the Raymonds sent a letter via certified mail, return receipt requested, stating that they wished to have their order cancelled.
Southern Siding immediately presented the matter to attorney Eric O. Person for collection. At the direction of the company, Mr. Person sent a demand letter addressed to Mr. and Mrs. Raymond via overnight express mail. In the letter, dated November 16, 1990, Mr. Person advised that, because the couple was not entitled to a rescission of the contract, he could sue them for over $21,000. Furthermore, he threatened that if the couple did not pay the full amount of the contract within fifteen days, he would be forced to have a hen placed against their home and to hpress criminal charges against Mr. Raymond for the “worthless cheek.” He warned the couple that such a charge is serious and “can lead to jail time.”
Southern Siding filed the instant suit against the Raymonds for breach of contract in January of 1991. The couple filed a reeon-ventional demand against the company and a third-party demand against Mr. Person alleging that his collection letter violated the FDCPA. Prior to trial, the claims between Southern Siding and the Raymonds were settled.
Relative to their claim against Mr. Person, the Raymonds filed a motion for partial summary judgment. Although the motion was initially opposed, on the morning of trial Mr. Person entered an oral stipulation to liability under the FDCPA. Evidence relative to the issue of damages was presented at trial.
The trial court found that the Raymonds were entitled to damages as follows: (1) $1,000 each in statutory damages; (2) $12,500 in general damages to Mr. Raymond for “physical pain and suffering” and “mental pain and anguish;” (3) $7,500 in general damages to Mrs. Raymond for “mental pain and anguish;” and (4) $5,000 for attorney fees. From this judgment, Mr. Person filed a motion for new trial which was denied by the trial judge.
On appeal, Mr. Person contends initially that the general damage awards to Mr. and Mrs. Raymond are excessive and unsupported by law and evidence. The trier of fact has much discretion in the assessment of damage awards in tort actions. LSA-C.C. art. 2324.1. We note the appellate standard of review of these damage awards as set forth by the Louisiana Supreme Court in Theriot v. Allstate Ins. Co., 625 So.2d 1337, 1340 (La.1993):
Our jurisprudence has consistently held that in the assessment of damages, much discretion is left to the judge or jury, and upon appellate review such awards will be disturbed only when there has been a clear abuse of discretion. Coco v. Winston Industries, Inc., 341 So.2d 332 (La.1977). And, “[i]t is only after articulated analysis of the facts discloses an abuse of discretion, that the award may on appellate review be considered either excessive or insufficient,” Reck v. Stevens, 373 So.2d 498, 501 (La.1979). Appellate courts review the evidence in the light which most favorably supports the judgment to determine whether the, trier of fact was clearly wrong in its conclusions. Arceneaux v. Domingue, 365 So.2d 1330 (La.1978). Before an appellate court can disturb the quantum of an award, the record must clearly reveal that the jury abused its discretion. In order to make this determination, the reviewing court looks first to the individual circumstances of the injured plaintiff. Only after analysis of the facts and circumstances peculiar to the particular case and plaintiff may an appellate court conclude that the award is inadequate. See Reck v. Stevens, supra; Cariere v. State Farm Insurance Co., 467 So.2d 867 (La.App. 2d Cir.1985).
Prior awards under similar circumstances serve only as a general guide. If the *47 appellate court determines that an abuse of discretion has been committed, it is then appropriate to resort to a review of prior awards, to determine the appropriate modification of the award. In such review, the test is whether the present award is greatly disproportionate to the mass of past awards for truly similar injuries. See Reck v. Stevens, supra; Wactor v. Pickens Lumber Co., 505 So.2d 815 (La.App. 2 Cir. 1987), writ denied, 508 So.2d 827 (La.1987). In instances where the appellate court is compelled to modify awards, the award will only be disturbed to the extent of lowering or raising an award to the highest or lowest point which is reasonably within the discretion afforded the trial court. American Motorist Insurance Company v. American Rent-All, Inc., 579 So.2d 429 (La.1991); Scott v. Hospital Service District No. 1 of the Parish of St. Charles, 496 So.2d 270 (La.1986); Camilo v. Wilson, 353 So.2d 249 (La.1977); Coco v. Winston Industries, Inc., supra.
Appellate review of damages awarded pursuant to the FDCPA is governed by this clear abuse of discretion standard. Carroll v. Wolpoff & Abramson, 53 F.3d 626 (4th Cir.1995).
Considering the evidence presented at trial, we conclude that the trial court’s assessment of damages is grossly excessive and does not bear a reasonable relationship to the damages proven. See Youn v. Maritime Overseas Corp., 623 So.2d 1257 (La.1993), cert. denied, 510 U.S. 1114, 114 S.Ct. 1059, 127 L.Ed.2d 379 (1994). In the instant case, the evidence supports the conclusion that Mr. Person’s letter caused the Ray-monds to suffer undue stress, anxiety, and sleeplessness. Both testified that the correspondence caused them to fear the loss of their home (which was paid for) as the result of a lien being placed against it. Furthermore, the Raymonds were fearful that Mr. Raymond would be criminally prosecuted and incarcerated on a “worthless check” charge. Mr. Raymond acknowledged that his attorney advised him not to take the threat of jail seriously, but noted that it was “easy for someone else to tell you not to take the threat seriously, but when the threat is against you, |5personally, you have to pay attention to it, and it concerned me quite a bit.”
Mr. Raymond testified that he sought medical treatment after becoming withdrawn and depressed over the situation. He stated that a physician prescribed medication for the condition which he continued to take through the date of trial. His claims were supported by the testimony of Mrs. Raymond and their two daughters who also confirmed their parents nervousness and embarrassment which stemmed from receipt of Mr. Person’s correspondence.
The trial court found that both the Ray-monds suffered mental and emotional distress and that Mr. Raymond also suffered physically as a result of Mr. Person’s tortious demand letter. He summarized their injuries as follows:
It’s the Court’s feeling that Mrs. Raymond certainly sustained damages in the sense of anxiety and fear as a result of the November 16 letter in question. That it affected her adversely is clear from her demeanor as a witness in this case and her testimony. That Mr. Raymond suffered, in addition to the mental pain and anguish suffered by both himself and Mrs. Raymond of anxiety and fear, concern about the threat of prosecution, as well as the threat of having their home liened, themselves sued, suffered insomnia and depression and was treated for depression, according to his testimony, which was unrefuted by a physician who placed him on medication for that depression, which constitutes physical pain and suffering in addition to mental pain and anguish.
After a careful analysis of the record, we agree with the trier of fact that, due to the Raymonds advanced age (both were in their seventies at the time of these events), they may have been “particularly vulnerable” to threats such as those contained in Mr. Person’s letter. While we do believe that the letter caused the Raymonds to experience a certain level of stress and anxiety, we find that the trial court’s assessment of damages is clearly excessive. Accordingly, we find that the trial court abused its discretion in awarding damages in the amounts of $12,500 *48 to Mr. Raymond and $5,000 to Mrs. Raymond.
Having found that the trial court abused its great discretion, a review of other cases involving debt collection abuses is appropriate. Such a review of jurisprudence reveals that courts have traditionally limited the amount of general |6damages recoverable for violations of the FDCPA. For instance, in Crossley v. Lieberman, 868 F.2d 566 (3rd Cir.1989), cited by the trial judge as authority for his damage award, the plaintiff, a 68-year old widow, phoned attorney Lieberman upon receipt of a collection letter from him. He told her that if she could not afford the bill, she should sell her house and become “a bag lady”. Crossley, 868 F.2d at 568. Reacting in panic, plaintiff quit her part-time job and cashed in her modest pension in order to pay the debt. The court awarded plaintiff only the statutory maximum of $1,000 for Lieberman’s violations of the FDCPA.
In Venes v. Professional Service Bureau, 353 N.W.2d 671 (Minn.Ct.App.1984), plaintiff brought action against Professional Service Bureau for violations of the FDCPA after receiving approximately ten threatening telephone calls at his residence. During one call a PSB employee called him a “deadbeat” and threatened, “[i]f you know what’s good for you and your family, you’ll stay out of the state of Minnesota.” Venes, 353 N.W.2d at 673. Venes claimed the phone calls caused him undue stress and aggravated preexisting medical problems. The appellate court affirmed the jury’s award of $6,000. See also Teng v. Metropolitan Retail Recovery, Inc., 851 F.Supp. 61 (E.D.N.Y.1994), wherein plaintiff was awarded $1,000 in actual damages and $1,000 in statutory damages when an agency employee misrepresented to debt- or that the Marshal was about to execute on a judgment, “pop the lock” to the debtor’s home and remove his furniture, and Smith v. Law Offices of Mitchell N. Kay, 124 B.R. 182 (D.Del.1991) in which a jury award of general damages in the amount of $15,000 was held to be grossly excessive and was reduced to $3,000.
We find that awards in the amounts of $5,000 to Mr. Raymond and $2,000 to Mrs. Raymond are the highest general damage awards reasonably within the trial court’s discretion for their injuries.
Appellant further contends that the award for physical injury was unsupported by medical evidence or testimony and should be reversed. In his denial of appellant’s motion for new 17trial, the trial judge reiterated that he was convinced, “without the necessity of any medical testimony,” that the letter caused Mr. Raymond a considerable amount of physical discomfort, as well as mental anguish. Though his physician was not present to testify, Mr. Raymond’s claims that he suffered from depression were supported by his own testimony, as well as the testimony of his wife and two daughters, all of whom were found to be credible witnesses by the trial court. We find no error in the trial court’s factual finding that Mr. Raymond did endure physical depression as a result of the threatening letter.
Appellant also asserts that the trial judge was “prejudiced” against him based upon his legal representation of Southern Siding Company, Inc. and that he wrongfully took into account appellant’s “lack of remorse” for his misconduct. Based upon this, appellant argues that the general damages awarded to Mr. and Mrs. Raymond are actually intended to serve as punitive damages, which are not allowed under the FDCPA. After a careful review of the record, it is clear that the above factors, though noted by the judge in his reasons for judgment, were not given any weight in the assessment of general damages.
Appellant also argues that the damages awarded should have been reduced by two-thirds, as stated by the judge during the course of the trial. In explaining to counsel why certain evidence relative to the Raymond’s claims against Southern Siding is irrelevant, the judge stated:
[B]ut I’ll state it for the record, that were all aspects of the lawsuit before me for determination, that is, what culpability or responsibility the company had as a result of the salesman’s action, what resulted from the lawsuit and what resulted merely from the letter, I would consider the mag *49 nitude thrice what it will be in this case. In other words, my judgment with respect to Mr. Person is going to be about a third of what it would be for all of these parties before the Court ... In other words, I’m not going to give a judgment in this case based on what these other people did....
Appellant misinterprets the trial court’s comments. The trial judge states that because Southern Siding settled their claims with Mr. and Mrs. Raymond prior to trial, damages related to that aspect of the case will not be assessed. He states that he will assess damages against Mr. Person based solely upon the | «portion of the ease before him, i.e. to determine what damage, if any, resulted from the collection letter.
Finally, appellant disputes the award of attorney fees in the amount of $5,000 as excessive and the interest granted thereon as unauthorized by law. An award of attorney fees should be disturbed on appeal only when there has been a clear abuse of the vast discretion afforded the trier of fact. DeVillier v. DeVillier, 602 So.2d 1093 (La.App. 1 Cir.1992); Hebert v. State Farm Insurance Company, 588 So.2d 1150 (La. App. 1 Cir.1991); Solar v. Griffin, 554 So.2d 1324 (La.App. 1 Cir.1989), writ denied, 558 So.2d 582 (La.1990).
Appellant argues that the award is improper because Mr. and Mrs. Raymond’s counsel failed to present evidence, including detailed time records, at trial. However, the trial court is not required to hear evidence regarding time spent or hourly rate charged in order to set attorney fees when the services are apparent from the record or when some of the services were rendered under the supervision of the court. Hebert, 588 So.2d at 1153.
The FDCPA dictates that an award of attorney fees must be reasonable. 15 U.S.C. § 1692k(a)(3). We have considered the record in this matter and the reasonableness of the fee in accordance with the factors set forth in State, Dept. of Trans. and Dev. v. Williamson, 597 So.2d 439 (La.1992), and codified in Rule 1.5 of the Rules of Professional Conduct of the Louisiana State Bar Association. In light of these considerations, we are unable to conclude that the trial court abused its discretion in the valuation of attorney fees.
Related to this issue, appellant disputes the judgment in this matter which grants legal interest on the attorney fee award. The judgment includes an award of legal interest on all sums awarded “from the date of judicial demand, February 13, 1991, until paid in full.”
LSA-C.C.P. art. 1921 provides: “The court shall award interest in the judgment as prayed for or as provided by law.” The official revision comment following the article states that |9it retains the requirement of Code of Practice Article 553 that interest may be awarded only if prayed for and that the phrase “as provided by law” covers the exception in the case of tort claims where interest attaches automatically without being prayed for. Legal interest on attorney fees cannot be awarded where the party seeking its recovery has not specifically requested it. Steele v. Compass Welding Co., Inc., 590 So.2d 1235 (La.App. 1 Cir.1991). In the present case, appellee’s petition prays for just and reasonable damages, together with reasonable attorney fees. Since legal interest on attorney fees was not specifically prayed for, the trial court’s award of this item was improper.
For the foregoing reasons, the judgment is amended to award Mr. and Mrs. Raymond damages in the sum of $5,000 and $2,000, respectively. The trial court’s award of legal interest on attorney fees is reversed. In all other respects, the judgment of the trial court is affirmed. Costs are assessed against appellees.
REVERSED IN PART AND AMENDED IN PART, AND AFFIRMED, AS AMENDED.

. The FDCPA was enacted by Congress to protect consumers from abusive debt collection practices. 15 U.S.C. § 1692(e). It imposes civil liability upon any debt collector failing to comply with its provisions and entitles injured parties to recover actual damages, additional statutory damages up to but not exceeding $1,000, and reasonable attorney fees. 15 U.S.C. § 1692k(a). The FDCPA states that its purpose is "to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e).