JOHN A. PATIN, Judge Pro Tern.
Willard and Ezen Landerno brought action against First Security Corporation, Gale Monroe and Terry Vidrine to recover the purchase price of 5,000 shares of stock. Plaintiffs allege the stock sold to them and the salesman of the stock, were not registered with the Louisiana Securities Commission and that they were induced to buy the stock by misrepresentations of fact on the part of defendants.
After a bench trial judgment was rendered in favor of plaintiffs awarding the full purchase price of the stock, $12,500, plus attorney’s fees of $3,500, interest and costs.
Defendants appealed claiming the trial court erred in failing to find them exempt from registration with the Securities Commission.
First Security Corporation (FSC) is a Louisiana corporation and functions as a holding company and sole owner of First Security Development Corporation and Louisiana Security Insurance Company. First Security Development Corporation is engaged in real estate development and joint ventures. It owns a ten percent share in and acts as general managing partner of First Security Alpha, Ltd. First Security Alpha is a limited partnership engaged in the reclamation of coal from coal reject deposits. Louisiana Security Insurance Co. operates as an insurance company authorized to write life insurance.
Plaintiffs were sold 5,000 shares of Class A Stock of FSC by Terry James Vidrine, an FSC salesman, for $12,500.00. Claiming dissatisfaction with the stock, and in need of cash, plaintiffs related to FSC that they wished to sell their shares. When no buyer was found, they initiated suit. Plaintiffs claim they were induced to buy the stock through misstatements of fact by Vidrine. They assert the stock was sold in violation of Louisiana Securities laws and thus they are entitled to a return of the purchase price, attorney’s fees and costs. Defendants claim they were properly registered under the provisions of the Louisiana Insurance Code and as such are exempt from registering with the Securities Commission.
The trial court found for the plaintiffs. It found FSC was not exempt under the securities laws from registering the stock nor was Vidrine exempt from registering as its salesman. Further that FSC was not engaged solely in the insurance business and thus not exclusively under the mandates of the Insurance Code.
*268 Defendants complain that the trial court erred because it failed to properly interpret both the securities and insurance laws of Louisiana.
In order for FSC to be exempt from registering the stock it sells it must fall into one of the exemptions provided by La.R.S. 51:708 and 709. FSC claims it is exempt because it meets the requirements of R.S. 51:708(7)(c) and (d).
La.R.S. 51:708(7)(c), (d) provides:
The provisions of R.S. 51:705 shall not apply to any of the following securities: (7) Any security issued or guaranteed by any ... holding company which is:
(c) Regulated in respect of its rates and charges by a governmental authority of the United States or any state.
(d) Regulated in respect of the issuance or guarantee of the security by a governmental authority of the United States, any state, Canada, or any Canadian province.
Defendants contend that they meet the requirements of subsections (c) and (d) because the shares were properly registered and issued under the authority of the Louisiana Commissioner of Insurance. They assert that FSC is a holding company with the primary purpose of holding stock in an insurance company as defined in La.R.S. 22:76 and as such the issuance of the stock to plaintiffs was controlled only by the Louisiana Commissioner of Insurance.
La.R.S. 22:76 defines the securities or stocks that should be registered with the Commissioner of Insurance:
A. When used in this Section, the following terms shall have the following respective meanings:
(1) “Security” or “stock” as used in this Section shall include any insurance stock ... or stock in an investment or holding company with a stated purpose, either by charter or prospectus, of forming an insurance company ... (emphasis added).
Defendants assert that FSC fits under this definition because the majority of its income from the sale of the stock was put into Louisiana Security Insurance Company. They claim that the distribution of the proceeds was made clear in the prospectus and it shows that the primary concern of FSC was its insurance company.
La.R.S. 22:76 requires that we look to the prospectus to determine FSC’s “stated purpose.” The Introductory Statement of the prospectus issued by FSC states the following:
FSC sponsored the formation of a wholly owned life insurance company ... and a development company ... (emphasis added).
The prospectus further states that “[t]he proceeds of these [stock] offerings have been used to fund the two subsidiary companies.”
The prospectus describes First Security Development Corporation, which FSC wholly owns, as being formed to “capitalize on the profit potential of business opportunities outside the insurance industry.” (emphasis added).
The Louisiana Insurance Code controls insurance stock or that stock in a holding company that has as its purpose the formation of an insurance company. It treats these types of stock as the same thing. Here we have a holding company with ownership in an insurance company and a development company. FSC is not selling stock in the insurance company alone, rather it is selling stock in itself, a corporation with diversified investment interests.
The Insurance Code does not provide for the sale of stock such as FSC sold plaintiffs. Thus its argument, that it need not register under the Securities laws because the stock is controlled by the Insurance Commissioner, fails. We find no evidence that the stock sold by FSC falls under any other exemption granted by La.R.S. 51:708 or 709. Furthermore, we find Vidrine not exempt from registering with the securities commission as salesman of securities regulated stock. This assignment of error is without merit.
Plaintiffs have answered the appeal and asked this court to increase the award for attorney’s fees and to award attorney’s fees for the appeal. Attorney’s fees are authorized by La.R.S. 51:714. An *269 award of attorney’s fees in the amount of $3,500.00 was made by the trial court. In his Reasons for Judgment the trial judge considered the time and expenses spent by plaintiffs’ attorney and arrived at that amount. In determining an amount for attorney’s fees, the trial judge is afforded great discretion. Sims v. Selvage, 499 So.2d 325 (La.App. 1st Cir.1986), writ not considered, 503 So.2d 7 (1987); Solar v. Griffin, 554 So.2d 1324 (La.App. 1st Cir.1989); writ denied, 558 So.2d 582 (1990). We find no evidence that he abused this discretion and, accordingly, we decline to increase the award.
Lastly, the plaintiffs request an award of attorney’s fees for the cost of defending this appeal. This court has made such an award previously in Ek v. Nationwide Candy Division, Ltd., 403 So.2d 780 (La.App. 3rd Cir.1981); writ denied 407 So.2d 732 (1981). We conclude that plaintiffs are entitled to an award for attorney’s fees in the sum of $1,500.00 for legal services rendered in the course of defending this appeal.
For the foregoing reasons, the judgment of the trial court is affirmed and amended to award plaintiffs’ additional attorney’s fees on appeal in the amount of $1,500.00. Appellants will pay all costs of appeal.
AFFIRMED AS AMENDED.
DOMENGEAUX, C.J., concurring in part and dissenting in part.