Dear Mr. Wall:
You have requested an opinion of the Attorney General regarding an interpretation of the case captioned Landerno v. First Security Corporation, 609 So.2d 266 (La.App. 3d Cir. 1992). The case concerns the Louisiana Department of Insurance's (LDI) authority and responsibility to regulate the sale of securities pursuant to R.S. 22:76, et seq. As a result of the ruling, you seek our legal opinion regarding the following issues:
 1. If a holding company with investments in insurance companies and unrelated entities sells securities, should the securities be registered with the LDI or the Louisiana Securities Commission (LSC)?
 2. If a holding company with investments in an insurance company and other related entities registers with the LSC, must it also register with the LDI?
In Landerno, plaintiffs brought a cause of action against First Security Corporation (FSC) and one of its salesmen to recover the purchase price of 5,000 shares of stock. Plaintiffs alleged that the stocks sold to them, as well as the salesman of the stock, were not registered with the LSC.
FSC is a Louisiana corporation and functions as a holding company and sole owner of First Security Development Corporation (Development) and Louisiana Security Insurance Company (Security). Development is engaged in real estate development and joint ventures. It owns a ten percent share in, and acts as general managing partner of, First Security Alpha, LTD (Alpha). Alpha is a limited partnership engaged in the reclamation of coal from coal reject deposits. Security operates as an insurance company authorized to write life insurance.
Plaintiffs were sold 5,000 shares of Class A Stock in FSC by an FSC salesman, for $12,500.00. Claiming dissatisfaction with the stock, plaintiffs related to FSC that they wished to sell their shares. When no buyer was found, they initiated suit.
Plaintiffs assert that the stock was sold in violation of Louisiana Securities Laws and, thus, they were entitled to a return of the purchase price, attorney's fees and costs. Defendants claim that the stock was properly registered under the provisions of the Louisiana Insurance Code (Code) and, as such, were exempt from registering with the LSC.
The trial court found for the plaintiffs. In affirming the trial court's decision, the Third Circuit found that FSC was not selling stock in the insurance company alone, but rather in itself, a corporation with diversified investment interests. Since FSC was not engaged solely in the insurance business, it is not exclusively under the mandate of the Insurance Code.
As noted by the Third Circuit, in order for FSC to be exempt from registering the stock it sells with the LSC, it must fall into one of the exemptions provided for by R.S. 51:708 and 709. Section 708(7)(c) and (d) provide:
 "The provisions of R.S. 51:705 shall not apply to any of the following securities
* * *
 (7) Any security issued or guaranteed by any . . . holding company which is:
 (c) Regulated in respect of its rates and charges by governmental authority of the United States or any state.
 (d) Regulated in respect of the issuance or guarantee of the security by governmental authority of the United States, any state, Canada, or any Canadian province."
R.S. 22:76 defines the securities or stocks that should be registered with the Commissioner of Insurance:
 "A. When used in this Section, the following terms shall have the following respective meanings:
 (1) `Security' or `stock' as used in this Section shall include any insurance stock . . . or stock in an investment or holding company with a stated purpose, either by charter or prospectus, of forming an insurance company . . . ." (Emphasis added.)
The Court found that Section 76 required it to look to the prospectus to determine FSC's "stated purpose". The prospectus stated that FSC "sponsor the formation of a wholly owned life insurance company and a development company." It further stated that the proceeds of the stock offerings were used to fund both subsidiary companies.
The Court further noted that the prospectus described Development, which FSC wholly owns, as being formed to "capitalize on the profit potential of business opportunities outside the insurance industry."
The Third Circuit held that the Louisiana Insurance Code (Code) controls insurance stock, or that stock in a holding company that has as its purpose the formation of an insurance company. It treats these types of stock in the same manner. However, FSC is a holding company with ownership in an insurance company and a development company. Thus, the Court reasoned that FSC was not selling stock in the insurance company alone, but rather in itself, a corporation with diversified investment interests. Therefore, the exemptions afforded in R.S. 51:708(7)(c) and (d) did not apply.
Accordingly, and in answer to the questions you pose, if a holding company with investments in insurance companies and unrelated entities sells securities which meet the definition contained in R.S. 22:76, it is the opinion of this office that said securities should be registered with the Commissioner of Insurance. Furthermore, under the doctrine espoused by the Third Circuit in Landerno, the company would not exclusively be under the mandate of the Insurance Code so the securities would also have to be registered with the Louisiana Securities Commission.
Finally, it is our opinion that if a holding company with investments in an insurance company and other related entities registers with the LSC, said company must also register with the Commissioner of Insurance if the stock and/or securities in question fall within the definition contained in R.S. 22:76.
As you are aware, this office is in receipt of an extensive legal memorandum submitted by Patrick J. Browne, an attorney for a Louisiana insurance holding company. Therein, Mr. Browne takes issue with the Court's reasons for judgment in the Landerno case. While the argument set forth in Mr. Browne's letter may have merit, this office is constrained to follow the Third Circuit in Landerno, wherein the Supreme Court denied writs.
Should you have any additional questions concerning this matter, please do not hesitate to contact me.
With kindest regards, I remain
Yours very truly,
 RICHARD P. IEYOUB Attorney General
BY: ROBERT E. HARROUN, III Assistant Attorney General RPI/ROB3/bb
cc: Mr. Patrick J. Browne, Esq. Mr. Harry Stansbury
0333R