951 So.2d 1224 (2007)
Austin and Jackie POTTINGER
v.
NEW ORLEANS HEATING & COOLING SPECIALISTS, INC., State Farm Mutual Insurance Company, The Trane Company, Zurich Insurance Company and Tracy Tardiff.
No. 06-CA-701.
Court of Appeal of Louisiana, Fifth Circuit.
January 30, 2007.
Albert J. Nicaud, Attorney at Law, Metairie, Louisiana, for Plaintiff/Appellant.
Thomas G. Buck, John C. Henry, Brett W. Tweedel, Attorneys at Law, Metairie, Louisiana, for Defendant/Appellee.
Panel composed of Judges EDWARD A. DUFRESNE, JR., MARION F. EDWARDS, and FREDERICKA HOMBERG WICKER.
EDWARD A. DUFRESNE, Jr., Chief Judge.
This is an appeal by Austin and Jackie Pottinger, plaintiffs-appellants, from a judgment sustaining an exception of prescription in favor of New Orleans Heating and Cooling Specialists, Inc, et al., defendants-appellees, in this suit involving an allegedly defective cooling system in a residence. For the following reasons we dismiss the appeal.
The allegations of the petition are that in September 2002, NOHCS installed three air conditioning units, including all ductwork and other equipment for the system. In May 2004 the Pottingers noted numerous alleged defects in the system. They notified NOHCS and the defendant sent workers out to deal with the problem in October 2004. Plaintiffs were still not satisfied with the results. Suit was filed on April 22, 2005, more than one year from the original installation, but within one year of the follow up work. The petition alleges that NOHCS is a contractor, that it undertook the installation work, and that the work was not properly done. In their prayer plaintiffs included a catch-all phrase asserting relief including "[a]ll other acts of negligence and fault which will be shown at the trial of the matter."
NOHCS urged an exception of one year prescription as to the original installation, which was granted. That judgment states that because the petition asserts relief for "negligence and fault" the one year prescription for delictual actions applies. The judge therefore dismissed "all of the claims arising out of the original installation." The judgment was not designated as a final judgment by the trial judge. Plaintiffs now appeal.
Article 1915 B of the Louisiana Code of Civil Procedure provides pertinently that when a judgment sustains an exception as to less than all claims between the parties, that judgment is not appealable unless the trial judge designates it as such. In the *1226 present case it is manifest that there are remaining claims.
Before turning to the particulars of the remaining claims, we must point out that La.Code Civ. Pro. Art. 862 provides that a judgment shall grant the relief to which a party is entitled, even where no prayer for such relief appears in the pleadings. This principal is more commonly referred to as "fact pleading," and the old "theory of the case" pleading has been suppressed. See Art. 862, Official Revision Comments-1960.
In the present case plaintiffs allege that NOHCS is a contractor, that it undertook work on the premises, and that that work was improperly done. While there is indeed an element of negligence urged, these facts also unmistakably allege a contractual obligation subject to the ten year prescriptive period. La. Civ.Code Art. 3499.
The remaining alleged claims are thus as follows. There are factual allegations which support a claim arising out of a contractual obligation as to the original installation of September 2002, which claim is subject to the ten year prescription. Additionally, there is a similar contractual claim as to the follow up work of October 2004, as well as a delictual action as to this later work.
It is evident therefore that the judgment on the exception of prescription deals with less than all the issues between the parties. That being so, it is a partial judgment which is not appealable unless designated as such by the trial judge. Because there is no such designation in the record, the appeal must be dismissed.
APPEAL DISMISSED.