# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

### 07-1008


MELANCON EQUIPMENT, INC.

VERSUS

NATIONAL RENTAL CO., LTD.


********** 

APPEAL FROM THE
LAFAYETTE CITY COURT
PARISH OF LAFAYETTE, NO. 2005CV01946
HONORABLE FRANCES M. BOUILLION, CITY COURT JUDGE

**********

ULYSSES GENE THIBODEAUX
CHIEF JUDGE

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, and Jimmie C. Peters, Judges.

AMENDED AND, AS AMENDED, AFFIRMED.

Robert E. Fruge
P. O. Box 375
Grand Couteau, LA 70541
Telephone:  (337) 662-3902
COUNSEL FOR:
    Plaintiff/Appellee - Melancon Equipment, Inc.

Paul Gonsoulin Moresi, III
P. O. Box 1140
Abbeville, LA 70511-1140
Telephone:  (337) 898-0111
COUNSEL FOR:
    Third-Party/Appellee - Mark Goodyear

**Christopher Joseph Piasecki**
**Davidson, Meaux, Sonnier & McElligott**
**P. O. Drawer 2908**
**Lafayette, LA 70502-2908**
**Telephone:  (337) 237-1660**
**COUNSEL FOR:**
      **Defendant/Appellant - National Rental Co., Ltd.**

**THIBODEAUX, Chief Judge.**

Defendant, National Rental Company, Ltd. (National Rental) appeals the trial court's judgment which awards attorney fees and costs, both with interest, to the plaintiff, Melancon Equipment, Inc. (Melancon), as a result of unpaid services on an open account. National Rental contends that the trial court judge erred because, by virtue of the lease agreement entered into by Mark Goodyear (Mr. Goodyear), the third party defendant in the main demand, and National Rental, Mr. Goodyear is the proper party to hold liable for Melancon's attorney fees and court costs.

For the following reasons, we amend and affirm as amended the trial court's judgment.

I.

## ISSUE

We shall consider whether the trial court erred in assessing all attorney fees and court costs, both with legal interest, against National Rental, as opposed to Mr. Goodyear, the third party defendant.

II.

## FACTS

National Rental leased a John Deere tractor to Mr. Goodyear, the third party defendant, pursuant to a lease agreement. The tractor was damaged while in Mr. Goodyear's possession. As a result thereof, National Rental took the tractor to Melancon, a mechanical work supplier, for an estimate for all necessary repairs. National Rental and Melancon had a business relationship which was predominantly based upon an open account.

Melancon made the estimate and, upon its receipt, National Rental allegedly authorized Melancon to carry out such repairs. Melancon performed the

repairs on the tractor, but National Rental never tendered payment. Thus, Melancon sent National Rental a demand letter by registered mail to no avail. National Rental refused to pay for the repairs, maintaining that Mr. Goodyear was the party responsible for the outstanding debt because it was him who authorized the repairs, thereby becoming Melancon's customer.

As a result of National Rental's refusal to pay the debt, Melancon instituted the main lawsuit against National Rental, claiming that it owed Melancon the sum of $2,418.62 on open account for the mechanical work performed on the tractor, in addition to reasonable attorney fees for the collection of its claim. Subsequently, National Rental filed a third party demand against Mr. Goodyear.

At trial, the judge ruled against National Rental and awarded Melancon $2,418.62 for the outstanding debt on open account, in addition to attorneys fees in the amount of $3,637.50, and court costs. With regards to the third party demand, the trial judge ruled against Mr. Goodyear, awarding National Rental $1,963.62, which constituted the cost of the repairs after deducting $455.00 for National Rental's failure to mitigate damages. At trial, it was established that had National Rental performed the repairs in house, it would have saved $455.00 off Melancon's quoted price. Mr. Goodyear, however, was not ordered to pay attorney fees and costs on the third party demand of National.

III.

## LAW AND DISCUSSION

### Standard of Review

"In civil cases, the appropriate standard for appellate review of factual determinations is the manifest error-clearly wrong standard, which precludes the setting aside of a trial court's finding of fact unless that finding is clearly wrong in

2

light of the record reviewed in its entirety." *Cencac v. Public Access Water Rights Association*, 02-2660, p. 9 (La. 6/27/03), 851 So.2d 1006, 1023 (*citing Rosell v. ESCO*, 549 So.2d 840 (La.1989)). "In applying the manifest error-clearly wrong standard, the appellate court must determine not whether the trier of fact was right or wrong, but whether the factfinder's conclusion was a reasonable one." *Tidwell v. Premier Staffing, Inc.*, 05-500, p. 2 (La.App. 3 Cir. 2/1/06), 921 So.2d 1194, 1196 (citations omitted). Therefore, appellate courts may only reverse factual determinations if they find from the record that (1) no reasonable basis exists for the finding and (2) the finding is clearly wrong or manifestly erroneous. *Stobart v. State, Through Dep't of Transp. & Dev.*, 617 So.2d 880 (La.1993). Likewise, the court of appeal may not reverse, even if convinced that had it been sitting as a trier of fact, it would have weighed the evidence differently. *Sistler v. Liberty Mut. Ins. Co.*, 558 So.2d 1106 (La.1990). Accordingly, we will review the record in its entirety to determine whether the trial court's factual findings were reasonable, considering the evidence presented.

**A.**

**Did the Trial Court Err in Assessing All Attorney
Fees and Court Costs Against National Rental?**

None of the parties is contesting the validity of the judgment whereby National Rental is compelled to pay Melancon $2,418.62 for the unpaid debt on open account. Rather, National Rental is challenging the validity of the judgment wherein it assesses Melancon's attorney fees and court costs against it. Specifically, National Rental argues that the trial judge committed error because, pursuant to the Lease Agreement entered into by National Rental and Mr. Goodyear, the latter is responsible for indemnifying National Rental for "any and all claims, actions,

3

expenses, damages, and liabilities." In support of this argument, National Rental cites sections 13 and 15 of the lease agreement.

In response to National Rental's argument on appeal, Mr. Goodyear asserts that he should not be held liable for Melancon's attorney fees because "the Third Party Demand did not include a claim for attorney fees under the rental contract, and counsel for National Rental stated at the beginning of trial that his law firm was not charging a legal fee and that it was not being sought in the Third Party Demand." Furthermore, Mr. Goodyear argues that "the Third Party Demand does not contain any language which suggests that Goodyear is responsible to National Rental under the rental contract or under general Louisiana lease law. As such, National Rental is not entitled to recover anything more from Goodyear other than the amount awarded by the trial court." We disagree.

It is settled law that "[a]greements have the effect of law between the parties, and the courts are bound to give effect to all such contracts according to the true intent of the parties." *Green v. TACA Intern. Airlines*, 304 So.2d 357, 361 (La.1974). Thus, the lease agreement entered into by National Rental and Mr. Goodyear governs the disposition of this dispute. Section 13 of the agreement categorically addresses the issue of attorney fees and court costs under the factual circumstances of this case.

With regard to attorneys fees, Section 13, in pertinent part, states as follows:

> Section 13: ". . . in addition, Lessee shall pay Lessor all costs and expenses incurred by Lessor in exercising any of its rights or remedies hereunder, including reasonable attorney's fees to be fixed at not less than 25% of the amount in default of $250.00, which ever is more."

4

This section clearly and unequivocally stipulates that Mr. Goodyear is to be held liable for attorneys fees for breach in an amount of 25% of the amount at issue, but no less than $250.00. Accordingly, National Rental is entitled to recover $490.90 in attorney fees from Mr. Goodyear, which constitutes 25% of the $1,963.62 awarded to Melancon on its Third Party Demand.

The fact that National Rental's Third Party Demand did not include a specific claim for attorney fees under the rental contract is irrelevant. Louisiana Code of Civil Procedure Article 862 states that:

> "Except as provided in Article 1703,[1] a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such a relief in his pleadings and the latter contain no prayer for general and equitable relief."

See also Pottinger v. New Orleans Heating & Cooling Specialist, Inc., et al., 06-701 (La.App. 5 Cir. 1/30/07), 951 So.2d 1224, 1226.

> [T]he thrust of . . . [article 862] 'is to permit courts to render substantive justice on basis of facts pleaded and to refuse to permit a denial of substantive rights (where the party has timely filed pleadings alleging the factual basis of his claim) because of technical defects of language or of some mechanical 'theory of the case' characterization defeating a recovery otherwise allowable under facts pleaded . . .' (citations omitted). Jackson v. Zito, 314 So.2d 401, 404 (La.App. 1 Cir.), writ denied, 320 So.2d 551 (La.1975).

Therefore, as long as the facts constituting the claim are alleged, a party may be granted any relief to which he is entitled under the pleadings and evidence. Western Dev. Group, Inc. v. Shlosman, 32-343 (La.App. 2 Cir. 9/22/99), 744 So.2d 197.

Likewise, National Rental is entitled to recover court costs associated

---

[1]**Art. 1703. Scope of Judgment**

A judgment by default shall not be different in kind from that demanded in the petition. The amount of damages awarded shall be the amount proven to be properly due as a remedy.

with the Third Party Demand. Again, Section 13 of the lease agreement between Mr. Goodyear and National provides specifically that Lessee shall pay all costs incurred by Lessor in exercising any of its rights or remedies hereunder . . . ."

The court costs associated with the Third Party Demand fall squarely within the ambit of Section 13 because this liability is related to the leased equipment as it derives, albeit indirectly, from the mechanical work performed on the leased tractor.

It is clear from the record that the lease agreement entered into by National Rental and Mr. Goodyear is the governing document between both parties. The lease agreement and the third party demand, taken as a whole, contain sufficient factual allegations to afford fair notice to Mr. Goodyear of the relief sought by National Rental. For these reasons, we affirm the trial court judgment, but amend it to hold Mr. Goodyear liable to National Rental for Melancon's attorney's fees in the amount of $490.90, as well as for the court costs incurred by National Rental as a result of the Third Party Demand filed by National.

IV.

**CONCLUSION**

For the foregoing reasons, we amend and, as amended, affirm the judgment of the trial court.

**AMENDED AND, AS AMENDED, AFFIRMED.**

6