JUDE G. GRAVOIS, Judge.
 

 pStone Insurance, Inc. (“Stone”) appeals a judgment that awarded it certain defense costs against defendant Beyer-Beeson Insurance Agency, Inc. (“Beyer-Beeson”) pursuant to an indemnification provision in a Purchase and Sale Agreement. On appeal, Stone argues that the trial court erred by not also awarding it the attorney’s fees associated with prosecution of this suit, including the additional attorney’s fees associated with prosecution of this appeal. For the following reasons, we affirm the judgment of the trial court and remand with instructions.
 

 FACTS AND PROCEDURAL BACKGROUND
 

 On December 14, 2005, S & E of Louisiana, LLC (“S & E”) purchased certain assets from Beyer-Beeson, an insurance agency, by way of a contract entitled “Purchase and Sale Agreement.” Those assets consisted of a list of clients developed by Stephen Clay (“Clay”), a producer at Beyer-Beeson. The purchase was confined to certain assets and did not extend to any of Beyer-Beeson’s liabilities. S & E is an entity created by Clay for the sole purpose of making ^quarterly payments to Beyer-Beeson for the client list. The Purchase and Sale Agreement was executed by Beyer-Beeson, S & E and Clay, among others.
 
 *1126
 
 The Purchase and Sale Agreement was effective on January 6, 2006.
 

 Thereafter, on December 23, 2005, Clay and Stone, an insurance agency, entered in an “Affiliation Agreement” whereby various accounts were transferred to Stone for management and maintenance purposes. The Affiliation Agreement was also effective on January 6, 2006. The Affiliation Agreement was recognized in Section II, Paragraph B of the Purchase and Sale Agreement.
 
 [1]
 

 Following Hurricane Katrina, two policy holders of homeowners’ insurance purchased through Beyer-Beeson, Jennie T. Smith (“Smith”) and George and Elaine Haas (“Haas”), filed suits against Stone, among others, regarding the substance and handling of their Katrina damage claims. Because the Smith and Haas claims arose prior to the transfer of their policies to Stone, Stone was able to eventually secure its dismissal from both lawsuits but not before incurring costs to defend against both suits. Pursuant to the Purchase and Sale Agreement and the Affiliation Agreement, Stone filed this lawsuit against Beyer-Beeson, seeking enforcement of the indemnification provision in the Purchase and Sale Agreement, claiming a right to reimbursement of the costs it incurred to defend the Smith and Haas suits, and also seeking to recover the attorney’s fees associated with this suit against Beyer-Beeson for enforcement of the contractual indemnification provision.
 

 Following a trial on the merits, the trial court entered judgment in favor of Stone and against Beyer-Beeson, awarding it $21,701.50 in “costs” it incurred in |4the Smith and Haas suits. Both parties appealed; however, Beyer-Beeson’s appeal was dismissed. Beyer-Beeson has not filed a brief in this appeal.
 

 ANALYSIS
 

 The sole issue before us is whether the trial court erred in not also awarding Stone the attorney’s fees and costs it incurred in this suit in enforcing the indemnification provision in the Purchase and Sale Agreement. Stone argues that reimbursement for attorney’s fees for enforcing the indemnity clause is allowed pursuant to paragraph XI of the Purchase and Sale Agreement.
 

 A contract is the law between the parties. LSA-C.C. art. 1983. Where the words of a contract are clear and explicit and lead to no absurd consequences, no further interpretation may be made in search of the parties’ intent. LSA-C.C. art. 2046.
 

 The pertinent paragraphs in the Purchase and Sale Agreement are paragraph IV, entitled “Corporation Liabilities and Indemnification,” and paragraph XI, entitled “Subsequent Dispute Between the Parties,” which read, respectively:
 

 IV. CORPORATION LIABILITIES AND INDEMNIFICATION
 

 The Corporation
 
 [2]
 
 represents and warrants that the transfer of the Assets to S & E and/or Clay shall be free and clear of all debts, liens and encumbrances, taxes, fees, commissions, and other charges or liabilities, and, if they should exist, Corporation shall be responsible for any and all such debts, liens, encumbrances, taxes, fees, commissions, and other charges or liabilities.
 

 
 *1127
 
 S & E and/or Clay is not acquiring directly or indirectly any of the Corporation’s liabilities, and no such assumption shall accrue to S & E and/or Clay by operation of law or otherwise. The Corporation agrees to indemnify and hold S & E and/or Clay, its affiliates, assignees, subsidiaries, members, managers, officers, directors, agents and employees harmless from any debts, liabilities, obligations, claims, demands, losses, costs, or expenses of any nature against the Corporation and the Assets being transferred herein not satisfied prior to the transfer of said Assets. (Emphasis added.)
 

 [[Image here]]
 

 XI. SUBSEQUENT DISPUTE BETWEEN THE PARTIES
 

 The parties may take action in law required to enforce the rights under this Agreement. The prevailing party in any such action shall be entitled to recover from the other party such sum as the Court adjudicates as being reasonable compensation for attorney’s fees and costs so incurred.
 

 Paragraph XI clearly contemplates that the prevailing party in an action to enforce its rights under the Purchase and Sale Agreement shall be entitled to recover “reasonable” attorney fees from the other party. We find no ambiguity in these contractual provisions. In the main demand, Stone prevailed over Beyer-Beeson, with Beyer-Beeson being cast in judgment for Stone’s costs of defending itself in the Smith and Haas suits. Accordingly, Stone is entitled to an award of attorney’s fees for prosecuting this suit, and also for attorney’s fees for the prosecution of this appeal. Indeed, the trial court recognized Stone’s right to attorney’s fees in its Reasons for Judgment,
 
 [3]
 
 though the judgment itself appears to award Stone only its “damages as listed in plaintiffs petition for damages.” The damages Stone listed in its Petition were the itemized costs and attorney’s fees it incurred in the Smith and Haas matters. The Petition did not pray for the attorney’s fees Stone incurred in prosecuting the instant suit; however, we find that Stone has procedurally and substantively established its right to these attorney’s fees and costs under the Purchase and Sale Agreement, and therefore the trial court erred in not also awarding reasonable attorney’s fees and costs to Stone for this suit.
 
 [4]
 

 
 *1128
 
 | r,Stone presented evidence that it incurred costs (cost of defense/attorney’s fees) of $10,828 in the Haas suit and $7,798 in the Smith suit, and also introduced into evidence its attorney’s invoice of $17,976 for attorney’s fees spent in the prosecution of this suit, through the date of trial. It is unclear, therefore, how the trial court arrived at the award of $21,701.50, since that amount exceeds the amounts Stone claimed in defending the Smith and Haas suits by $3,075.50. The trial court’s Reasons for Judgment do not explain the basis for the amount of its judgment, which is therefore ambiguous, given the evidence Stone introduced regarding its underlying damages from the Smith and Haas suits and attorney’s fees in this suit. We decline to modify the trial court’s award of $21,701.50, however, in light of the fact that Beyer-Beeson’s appeal was dismissed, nor did it file a brief in this appeal.
 

 Stone has further demonstrated a right to attorney’s fees for this appeal. The same contractual provision in paragraph XI of the Purchase and Sale Agreement that grants Stone the right to attorney’s fees and costs from the trial also gives Stone the right to an award of attorney’s fees and costs in this appeal. The appeal was necessary to enforce Stone’s full rights under the Purchase and Sale Agreement. Stone is therefore entitled not only to reasonable attorney’s fees under the Purchase and Sale Agreement for the prosecution of this suit to enforce its rights thereunder, but also to additional reasonable attorney’s fees for the prosecution of this appeal.
 

 \ .CONCLUSION
 

 For the foregoing reasons, the trial court’s judgment is affirmed. This matter is hereby remanded to the trial court for it to conduct a hearing as per
 
 Rivet v. State, Dept. of Transp. and Development,
 
 96-0145 (La.9/5/96), 680 So.2d 1154, 1161, to determine the amount of reasonable attorney’s fees due to Stone for prosecuting both the trial and the appeal of this matter.
 

 AFFIRMED; REMANDED WITH INSTRUCTIONS.
 

 [1]
 

 . Section II, Paragraph B of the Purchase and Sale Agreement provides: "The Corporation [Beyer-Beeson] recognizes that S & E and/or Clay will place the Assets purchased from the Corporation with Stone Insurance Agency ('Stone’) pursuant to the terms of an agreement governing Clay's affiliation with Stone, and that S & E and/or Clay will continue to service those accounts through Stone."
 

 [2]
 

 . The "Corporation" is Beyer-Beeson.
 

 [3]
 

 . The trial court's reasons for judgment, while defining the principles upon which the court is deciding a case, form no part of the official judgment signed and from which appeals are taken. LSA-C.C.P. art. 1917.
 

 [4]
 

 . The Petition did not pray for attorney’s fees, but did contain a request for all general and equitable relief. Stone presented evidence of its attorney's fees incurred through the trial without objection from Beyer-Beeson. Except for a default judgment, "a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings and the latter contain no prayer for general and equitable relief.” LSA-C.C.P. art. 862. Additionally, the pleadings are "expanded” when evidence on issues not raised therein is presented at trial without objection. LSA-C.C.P. art. 1154 and Comment (b) thereto. See, for example,
 
 Melancon Equipment, Inc. v. National Rental Co., Ltd.,
 
 07-1008 (La.App. 3 Cir. 2/27/08), 978 So.2d 1053 (Lessor of tractor that was sued by repair shop for the unpaid cost of repairs to the tractor, and that in turn impleaded lessee of the tractor, was entitled to recover from lessee court costs as well as contractual attorney fees in the amount of 25 percent of amount recovered from lessee on the third-party claim, even though lessor did not demand attorney fees or costs in its third-party demand; lease agreement clearly required lessee to pay attorney fees and costs, and lease agreement and third party demand contained sufficient factual allegations to afford lessee fair notice of the relief sought.) Accordingly, Stone has dem
 
 *1128
 
 onstrated a right to the attorney's fees as per the Agreement.