# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 17-30909
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 7, 2018

Lyle W. Cayce
Clerk

TRAFFICWARE GROUP, INCORPORATED,
Individually and as Successor in Interest to Naztec, Incorporated,

Plaintiff,

versus

SUN INDUSTRIES, L.L.C.;
SUN ELECTRICAL & INSTRUMENTATION, L.L.C.,

Defendants–Appellees
Cross–Appellants,

versus

COMMAND CONSTRUCTION INDUSTRIES, L.L.C.;
OHIO CASUALTY INSURANCE COMPANY,

Third Party Defendants–
Appellants
Cross–Appellees.

Appeals from the United States District Court
for the Middle District of Louisiana
No. 3:15-CV-106

No. 17-30909

Before JONES, SMITH, and COSTA, Circuit Judges.

JERRY E. SMITH, Circuit Judge:*

This is a dispute over a construction subcontract. In this appeal from a jury verdict, Command Construction Industries, L.L.C. ("Command"), challenges the district court's ruling on its Federal Rule of Civil Procedure 50(b) motion, its attorney fees award, and the award of damages. Sun Industries, L.L.C. ("Sun"), cross-appeals seven of the jury's findings on sufficiency grounds, the award of attorney fees to Command, and the grant of Command's motion *in limine*.

I.

Command served as the general contractor to complete a road project for the Louisiana Department of Transportation and Development ("DOTD"). Command executed a subcontract with Sun to provide signalization and electrical work, which commenced in the summer of 2013. Several disputes arose, causing Sun to walk off the job before completion. Sun claims that was because of nonpayment and Command's failure to provide a time schedule and to supervise. Command asserts the delays were on account of Sun's leaving the project and its failure to order materials timely after DOTD had expanded the scope of the project. Sun eventually returned to complete the subcontract work, but disagreement continued, leading to a four-day jury trial.

Command prevailed on the contract issues. The jury found that Sun had defaulted on its contractual obligations and awarded Command $60,936.26, less than the $247,469.32 requested in Command's sworn statement of

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

2

No. 17-30909

damages. The jury also found that Command had made all required payments to Sun before Sun demobilized.

There were two findings in favor of Sun. First, the jury found Command liable in tort for damage caused to a conduit Sun had constructed before leaving the project. The jury awarded only $20,872.18 of the $62,616.55 Sun claimed it incurred for repairs. Second, the jury found that Command did not have reasonable cause to withhold payments to Sun after it returned to the job.

The district court made several post-trial rulings. It first denied Command's Rules 50(b) and 59(e) motions. It then found Command was the prevailing party for attorney fees, awarded Command seventy-five percent of its attorney fees, and apportioned costs between both parties. The district court also awarded Sun prejudgment interest on the net amount Command still owed Sun under the subcontract.

In this diversity case,[1] we look to Louisiana law for the rule of decision. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 206 (5th Cir. 2007). We affirm with the exception of the denial of Command's Rule 50(b) motion regarding the damaged conduit and the reduction of Command's attorney fee award.

## II.

Sun challenges seven of the jury's findings, claiming there is insufficient evidence. But because Sun never filed a Rule 50 motion, those issues are raised for the first time on appeal. "Absent a postverdict 50(b) motion, we are

---

[1] The initial suit was brought by Trafficware Group, Inc. ("Trafficware"), against Sun and Merchants Bonding Co. ("Merchants"). Complete diversity existed between those parties under 28 U.S.C. § 1332. After Trafficware sued, Sun filed a third-party demand against Command. Both Sun and Command are Louisiana citizens for purposes of § 1332. The district court exercised ancillary jurisdiction over the third-party demand. That jurisdiction existed even after Trafficware settled its suit three days before trial. *See Molett v. Penrod Drilling Co.*, 919 F.2d 1000, 1004 (5th Cir. 1990).

No. 17-30909

'powerless' to compel, on the basis of insufficiency of the evidence, the district court to enter judgment contrary to the one it allowed to stand or to order a new trial."[2]  Thus we do not review those evidentiary challenges.

A.

Command challenges two of the jury's findings and raised a Rule 50(b) motion for each.  In reviewing a motion for judgment as a matter of law in a case tried to a jury, our review is "especially deferential," and "we draw all reasonable inferences and resolve all credibility determinations in the light most favorable to the nonmoving party."[3]  "A jury verdict must be upheld unless there is no legally sufficient evidentiary basis for a reasonable jury to find as the jury did."[4]

1.

Command challenges the amount of damages for Sun's breach of contract.  Under the subcontract, Command's sworn itemization of damages is presumptively correct.  Because Sun's only rebuttal of the presumption was that Command was entitled to *no* damages, and the jury did not make that finding, Command claims the jury relied on speculation and conjecture by not awarding it the full amount of $247,469.32 shown in its itemization.  The evidence is sufficient to support the verdict.  The jury was free to give the degree of credibility to Command's witnesses and evidence it thought proper.  It was not confined to choosing an all-or-nothing damages calculation.

---

[2] *McLendon v. Big Lots Stores, Inc.*, 749 F.3d 373, 374 (5th Cir. 2014) (quoting *Ortiz v. Jordan*, 562 U.S. 180, 190 (2011)).

[3] *Carley v. Crest Pumping Techs., L.L.C.*, 890 F.3d 575, 578 (5th Cir. 2018) (quoting *Heck v. Triche*, 775 F.3d 265, 272 (5th Cir. 2014)).

[4] *Heck*, 775 F.3d at 273 (quoting *Foradori v. Harris*, 523 F.3d 477, 485 n.8 (5th Cir. 2008)).

No. 17-30909

2.

Command questions the jury's award of partial damages to Sun for the damaged conduit. The damage occurred sometime between March and May 2014, during which time Sun had walked off the project. Command cites Section 6 of the Subcontract, which makes Sun "solely responsible for all materials . . . until the subcontract work is completed to [DOTD's] satisfaction." The state did not issue acceptance of the work until August 31, 2015, so Command claims that a straightforward reading of the subcontract placed the risk of loss squarely on Sun.

Sun counters that DOTD had paid Command for the portion of work involving the conduit before its damage, and the jury reasonably could have interpreted that payment to mean that portion of the subcontract work was completed to DOTD's satisfaction under the contract. If so, Sun was no longer responsible for the conduit after its approval.

Under Louisiana law, the contract is "the law between the parties" and "is read for plain meaning."[5] "Where a [contract] contains a definition of any word of phrase, this definition is controlling."[6]

The language of the subcontract precludes the jury's finding. Section 6 places all risk of loss on Sun "until the subcontract work is completed to [DOTD's] satisfaction." The question is whether "subcontract work" includes the entire scope of work or each discrete portion for which Command had received payment.

The subcontract mandates the former interpretation. It defines

---

[5] *In re Liljeberg Enters., Inc.*, 304 F.3d 410, 439 (5th Cir. 2002) (quoting *Nat'l Union Fire Ins. Co. v. Circle, Inc.*, 915 F.2d 986, 989 (5th Cir. 1990)).

[6] *Cangelosi v. Allstate Ins. Co.*, 680 So. 2d 1358, 1362 (La. App. 1st Cir.), *writ denied*, 692 So. 2d 375 (La. 1996).

No. 17-30909

"subcontract work" to mean "the work specified in Exhibit A." That exhibit is a lengthy list of individual work items, only three of which relate to conduits. Defining "subcontract work" to mean the whole of the items listed in Exhibit A encompasses the entire scope of the subcontract work and not its individual tasks. Because the subcontract, by its own definition, places all risk on Sun until completion of all the subcontract work, there was insufficient evidence to support the finding in this regard, so we reverse the award of $20,872.18 to Sun for damage to the conduit.

## III.

Regarding attorney fees and costs,[7] the district court found Command to be the prevailing party and awarded it seventy-five percent of its fees, discounting the total amount to account for Command's change in counsel shortly before trial. Sun appeals the conclusion that Command was the prevailing party entitled to fees, and Command appeals the failure to award it the full amount of its costs and fees.

"State law controls both the award of and the reasonableness of fees awarded where state law supplies the rule of decision." *Mathis v. Exxon Corp.*, 302 F.3d 448, 461 (5th Cir. 2002). Under Louisiana law, the grant of attorney fees must be "authorized by contract or statute" to be recovered. *Peyton Place, Condo. Assocs., Inc. v. Guastella*, 18 So. 3d 132, 146 (La. App. 5th Cir. 2009). The subcontract contained such an authorization.

Because only Command prevailed on its contractual claims, the district

---

[7] Sun makes a related claim that the district court should have given it a credit on the damages owed to Command for a settlement amount paid by its bonding company, Merchants. The district court properly concluded that the language of the settlement between Command and Merchants does not allow the payment to be seen as payment on a liability but, instead, was solely intended to allow Merchants to avoid litigation. The court did not err in declining to grant such a credit.

court properly found it was the prevailing party. Sun's tort claim for the damaged conduit was not covered by the subcontract and thus is not subject to its section regarding fees. Although Command had to pay Sun the amount remaining under the subcontract, that amount did not reflect any judgment of liability for breach of contract against Command and was reduced by the damages award to Command.

Under Louisiana law, an award of attorney fees and costs is reviewed for an abuse of discretion.[8] The district court did not abuse its discretion in its award of costs. Given the language of the subcontract, however, it did abuse its discretion in reducing Command's attorney fee award.

Reducing Command's fees to account for new counsel, regardless of total hours spent by both sides, was not unreasonable as an independent action. The question, then, is whether it was an abuse of discretion to reduce the attorney fees award in light of Section 11 of the subcontract, which states that, "[i]n the event of a dispute, the prevailing party shall be entitled to the reimbursement of all attorney fees involved."

In Louisiana, a contract has "the effect of law between the parties, and the courts are bound to give effect to all such contracts."[9] "Where the words of a contract are clear and explicit and lead to no absurd consequences, no further

---

[8] *Conforto v. Toscano*, 234 So. 3d 252 (La. App. 5th Cir. 2017) (stating that the award of costs is reviewed for abuse of discretion); *S. Siding Co. v. Raymond*, 703 So. 2d 44, 49 (La. App. 1st Cir. 1997) (stating that an award of attorney fees is reviewed for abuse of discretion), *writ denied*, 709 So. 2d 782 (La. 1998). Command asserts that the subcontract bound the district court to award it all costs because the subcontract specifies that, in the event of a breach by Sun, Command is entitled to "all reasonable attorneys' fees and costs." The word "reasonable" dooms Command's demand for costs, because the district court's allocation was not unreasonable given the facts.

[9] *Melancon Equip., Inc. v. Nat'l Rental Co.*, 978 So. 2d 1053, 1056 (La. App. 3d Cir. 2008) (quoting *Green v. TACA Int'l Airlines*, 304 So. 2d 357, 361 (La. 1974)).

No. 17-30909

interpretation may be made in search of the parties' intent."[10]   Louisiana courts have held to this principle to the extent that they awarded fees as mandated by the contract even where a party failed to request them at trial, raising the issue for the first time on appeal. *Melancon*, 978 So. 2d at 1056.

The language of Section 11 is "clear and explicit." LA. CIV. CODE ANN. art. 2046. It also does not lead to an absurd result in this case. As Command notes, even though Command changed counsel a few months before trial, Sun's attorneys spent more hours in preparing for trial than did Command's new counsel. Thus, although the ruling would otherwise not be an abuse of discretion, it is reversible error to have departed from the contractual language. Command is entitled to receive all of its attorney fees.[11]

## IV.

Command challenges the award of prejudgment interest on the amount it still owed Sun under the subcontract. "When the object of the performance is a sum of money, damages for delay in performance are measured by the interest on that sum from the time it is due." LA. CIV. CODE ANN. art. 2000. Command claims that, although payment would have been due Sun at the time DOTD approved the work, it should not have to pay interest because the amount was unascertainable in light of the disputes about breach of contract and other damages.

The district court concluded that the amount did not have to be ascertainable to merit an award of prejudgment interest. We review that conclusion

---

[10] *Stone Ins., Inc. v. Beyer-Beeson Ins. Agency, Inc.*, 45 So. 3d 1125, 1126 (La. App. 5th Cir. 2010) (citing LA. CIV. CODE ANN. art. 2046).

[11] The issue of attorney fees incurred on appeal is remanded for the district court to consider in the first instance. *Instone Travel Tech Marine & Offshore v. Int'l Shipping Partners, Inc.*, 334 F.3d 423, 433 (5th Cir. 2003).

*de novo*[12] and find no error.  Under Louisiana law, prejudgment interest runs from the time of judicial demand even if the exact amount is not ascertainable because of the litigation.[13]

The case Command cites to the contrary is inapposite.  There, the amount owed under the contract itself was unascertainable for reasons other than litigation.  The contract in question was for fuel, and the cost of the fuel was dependent on future market prices that were unknown at the time suit was filed.  *See City of New Orleans v. United Gas Pipe Line Co.*, 517 S.2d 145, 164–65 (La. App. 4th Cir. 1987).  Here, the amount due under the subcontract was set.  The inability to ascertain how much would be due given any damage award does not preclude prejudgment interest under Louisiana law.

## V.

Sun appeals the grant of Command's motion *in limine* to exclude evidence of mobilization and demobilization costs Sun incurred on account of delays on the job.  Sun claims Command is liable because it did not communicate a proper schedule to Sun for the timely completion of its work.  That also caused Sun to incur costs to store materials for which Command neither billed DOTD nor reimbursed Sun.  The district court ruled that, under Section 1.2 of the subcontract, Sun's relief is limited to "justifiable time extensions" and does not include monetary damages.[14]

---

[12] *Nat'l Hispanic Circus, Inc. v. Rex Trucking, Inc.*, 414 F.3d 546, 552 (5th Cir 2005).

[13] *See, e.g.*, *Mini Togs Prods., Inc. v. Wallace*, 513 So. 2d 867, 875 (La. App. 2d Cir.), *writ denied*, 515 So. 2d 447 (La.), *and writ denied*, 515 So. 2d 451 (La. 1987).

[14] The district court interpreted other portions of the subcontract to mean that the amount Sun could claim from Command is capped at the amount Command received from DOTD for Sun's work.  Sun disputes whether that provision controls because it falls under the heading of "Claims Relating to Owner" (DOTD) rather than the section titled "Claims Relating to Contractor" (Command).  Because we decide that the court properly interpreted Section 1.2, we do not consider whether it properly decided this question.

Command is incorrect to assert that we lack jurisdiction to review that evidentiary decision in light of Sun's failure to raise a Rule 50(b) motion after trial. We review evidentiary rulings for abuse of discretion, subject to harmless error review. *United States v. Alaniz*, 726 F.3d 587, 606 (5th Cir. 2013). "A trial court abuses its discretion when its ruling is based on an erroneous view of the law or a clearly erroneous assessment of the evidence." *United States v. Ragsdale,* 426 F.3d 765, 774 (5th Cir. 2005) (quotation omitted).

A straightforward reading of the subcontract supports the district court's conclusion. Thus, it did not erroneously view the law or otherwise abuse its discretion.

The judgment is AFFIRMED in part, REVERSED in part, and REMANDED.